IN RE ESTATE OF MATILDA LININGER.

STELLA WAREHAM, Appellee, v. BERTHA WAREHAM-SCHMID, Executrix, Appellant.

No. 45544.

APRIL 8, 1941.

Healey & Reynolds, for appellee.

Walter F. Maley and E. F. McEniry, for appellant.

MILLER, J.—Matilda Lininger, the decedent herein, died testate. Her will was admitted to probate August 19, 1933. The will made bequests in the amount of $7,500 each to two daughters, Stella and Bertha Wareham, who are the parties to these proceedings. It devised and bequeathed the residue of the estate to two sons and the two daughters aforesaid. It appears to be conceded of record that the property in the estate is insufficient to pay the specific legacies so that the two daughters are the only legatees interested in such property. By a codicil to the will, one of the daughters, Bertha, was appointed sole executrix. She qualified as such on August 24, 1933.

On November 2, 1940, Stella Wareham filed a petition for the removal of her sister Bertha as executrix, asserting that on August 31, 1933, the executrix filed an inventory but failed, refused and neglected to file any report until March 16, 1938, after petitioner had secured an order requiring it; part of the assets of the estate consisted of a farm of 160 acres; the executrix

has failed, refused and neglected to comply with the terms of the will and has refused to pay the bequest to petitioner in full; on July 8, 1939, pursuant to a petition for removal of said executrix, the court ordered the executrix to immediately take the necessary steps to sell the 160-acre farm and complete said sale within 60 days; a sale was had at public auction to one George C. Figgins for $11,560 on August 28, 1939, but the executrix has not reported the sale to the court and has not completed the sale; the estate has been pending for more than six years; the executrix has been negligent in the handling of the estate, is a nonresident of Union County, and for all of the reasons set forth, "it will be to the best interests of this estate if said Executrix is removed and some suitable person appointed Administratrix with will annexed to take whatever legal action is necessary to compel specific performance of the contract for the sale of said real estate or bring action for damages against the purchaser thereof, and to complete the probation of this estate." The prayer was for the removal of the executrix and the appointment of some suitable person as administrator with will annexed.

On December 4, 1940, the executrix filed a resistance admitting her appointment, the filing of inventory, the order requiring her to sell the real estate, asserting that the petitioner and executrix have been represented by counsel and all of the business of the estate has been directed by said counsel, the sale of the real estate, the choosing of the auctioneer and preliminary arrangements were agreed upon between counsel; since said sale the executrix and her attorney have been trying to perfect the title so that said title will be merchantable "but on account of defects in the title, this Executrix is advised that it will be necessary to quiet title by an action in the District Court of the State of Iowa in and for Ringgold County, which action will be brought if the Court so directs;" she further stated, "that she never has had, nor does she now have any reason for delaying the settlement of said Estate, and offers to immediately perform any duty which the Court deems proper; and she therefore prays that she may go hence with her costs."

Hearing was had. The executrix testified that, at the sale of the farm, she asked Figgins to bid for her and gave him a

certified check for $750 for the down payment; after the sale she and Figgins entered into a contract for the sale of the farm and the contract was then assigned to her individually; she paid Figgins $50 for buying the farm for her; after the sale, it was found that the Federal Land Bank would not complete a loan without quitclaim deeds from the family; everything was agreeable both with her attorneys and the petitioner's attorneys and the only objections came when it was discovered that the loan would not be made without quieting title. The contract provided that Figgins purchase the farm for $11,560, of which sum $750 was paid down and receipt thereof acknowledged, and the balance of $10,810 was to be paid on or before the 15th of February, 1940.

Figgins testified that, before the sale, it was agreed that he should bid for the executrix and he bid for her and then assigned the contract to her. The auctioneer testified that he knew Figgins was bidding for the executrix.

At the conclusion of the hearing, the court rendered an opinion which recited that the court was familiar in a general way with the estate; that, whenever the affairs of an estate are in such condition that the best interests of the parties require the appointment of some other person as administrator, then such person should be appointed; the court was satisfied that the purported sale was illegal and that the executrix had violated the law in undertaking to purchase the land through Figgins; that the record is such that it is to the best interests of those interested in the estate that some disinterested person attempt to complete a settlement of the estate at an early date. On December 7, 1940, the court entered an order determining that the executrix should be removed and an administrator with will annexed be appointed; the aforesaid opinion was incorporated in the order; the executrix was ordered removed and Elton A. Johnson was appointed administrator with will annexed; his bond was fixed at $1,000; the executrix was ordered to deliver to said administrator with will annexed within ten days all of the property in her hands belonging to the estate. Johnson qualified as administrator with will annexed and letters of administration were issued to him. The removed executrix appeals.

Appellant asserts three assignments of error. One of them contends that her purchase of the farm was legal. The other two assignments of error are predicated upon the basic contention that the evidence did not warrant her removal. We do not undertake at this time to determine whether or not the contract of sale is legal. We are satisfied that appellant has failed to show reversible error herein.

A somewhat analogous situation was presented to us in the case of In re Estate of Myers, 229 Iowa 170, 171, 294 N. W. 235, wherein we state:

"In matters of this kind, the trial court must necessarily be allowed to exercise a large discretion and, unless such discretion was abused, should not be interfered with by this court. In re Quigley's Estate, (Iowa), 165 N. W. 29. Under the provisions of section 12066, Code of Iowa, 1939, broad power is vested in the court in the matter of removing an executor or administrator.

"* * * The executors consisted of a son and two sons-in-law of testator, all three of whom were indebted to the estate. It is very apparent from the testimony that they were required to deal with themselves and that their personal interests were in conflict with the interest of the estate.

"Irregularities, such as the purchase by executors of property of the estate, failure to compute interest on their individual claims, failure to make reports, allowing a chattel mortgage to become barred by the statute of limitations, long delay in the settlement of the estate, and others, are disclosed by the record which furnish ample basis for the court's finding. There was no abuse of discretion on the part of the trial court and we, therefore, should not interfere with his ruling."

We think that the attitude expressed in the foregoing quotation should be applied herein. The executrix is interested in this estate. She and the appellee are the two most vitally interested. Without determining whether or not the attempted purchase by the executrix of the farm in question is legal, it is obviously irregular and places the executrix in a position where her personal interests may be in conflict with the interests of

the estate. Such being the case, the court did not abuse its discretion in ordering her removal and in appointing a disinterested person administrator with the will annexed for the purpose of undertaking to complete a settlement of this estate at an early date.

The order appealed from is affirmed. In view of the fact that the appellee and the appellant are equally interested in the net amount to be distributed in this estate, the costs herein are taxed to appellant in her individual capacity.—Affirmed.

HALE, C. J., and SAGER, BLISS, OLIVER, WENNERSTRUM, and GARFIELD, JJ., concur.