In the Matter of the ESTATE OF Alva Lee LOVELL, Deceased;[1]

Donald P. Baird, Executor, Appellant.

No. 83–420.

Court of Appeals of Iowa.

Dec. 27, 1983.

---

1. The petition for removal of the executor was captioned "In the Matter of the Estate of Alva Lee Lovell, Deceased." The record in the trial court does not designate Gail Lovell as plaintiff or Donald P. Baird, executor, as defendant. We have designated this case by the caption used in the trial court.

John D. Sens of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for appellant.

Peter J. Peters, Council Bluffs, for appellee Gail C. Lovell.

Considered by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

This appeal is from an order removing Donald P. Baird as executor of the estate of Alva Lee Lovell, deceased. The removal was brought about in response to a petition for removal filed by Gail Lovell, the surviving son and a beneficiary of the deceased. We affirm.

The removal petition was filed on February 22, 1983. On the same date, the executor filed a motion to dismiss the petition, stating in essence that the petition, governed by Iowa Code section 633.65 (1981), failed to allege any grounds set out in that statute and that no grounds for his removal existed. He alleged that the petition for removal of executor was fatally defective and should be dismissed. On February 23, 1983, the petition for removal and the motion to dismiss were scheduled for hearing at 10:00 a.m. on March 21, 1983. On February 25, 1983, the executor filed a document entitled: "Objection to Scheduling Trial." The executor filed an amendment to his motion to dismiss on March 2, 1983, referring to the fact that a matter involving claimed estate assets was on appeal to the Supreme Court of Iowa and alleging that the district court (sitting in probate) had no jurisdiction of the matter.

An amendment to the petition for removal of executor was filed on March 3, 1983, specifying alleged grounds of mismanagement by the executor. On the same date, Gail Lovell filed a resistance to the executor's motion to dismiss and its amendment and a resistance to the executor's objection to the scheduling of trial. Finally, on March 18, 1983 the executor filed an answer to the petition for removal.

On the date of the scheduled hearing, March 21, 1983, the executor moved either to continue the cause or to dismiss it. The trial court reserved ruling on the motion to dismiss and overruled the motion for continuance. The matter proceeded to a hearing on the petition for removal and on the other issues raised by the pleadings and motions.

The trial court, in its final order, overruled the executor's motion to dismiss and objection to scheduling for trial and removed Donald P. Baird as executor of the estate. Gail C. Lovell, decedent's son and beneficiary, was appointed executor of the estate. Donald P. Baird (hereinafter Baird) appealed from the trial court's final order.

Actions for the removal of a fiduciary are triable as actions in equity. Iowa Code § 633.33 (1981). Review of this equity matter is de novo. Iowa R.App.P. 4.

■ I. *Due Process.* Baird first asserts that the immediate scheduling of the petition for trial, without giving him a reasonable opportunity to prepare for trial, deprived him of due process of law. Baird does not claim that he did not receive ample notice of the filing of the petition for removal. His motion to dismiss, filed on the same date as the filing of the petition, demonstrates that he received notice of the petition and a copy of it.[2] Baird's response to the petition was immediate.

Baird cites *Miller v. Warren County,* 285 N.W.2d 190, 193 (Iowa 1979), which states "[a] fundamental notion of due process is notice of the pendency of the proceeding and an opportunity to prepare a response to it." The supreme court in *Galloway v. Farber,* 252 Iowa 360, 364, 106 N.W.2d 920, 922 (1961), stated the rule as follows: "The rule in all cases, with hardly

---

**2.** The record contains no document designated "Notice" but contains a certification of service of the petition noted thereon. Apparently a copy of the petition was simply delivered to Baird.

an exception, is that before an executor or administrator can be removed, he must be notified or cited to appear at a time and place fixed by the court, to show cause why he should not be removed; . . . ." (citation omitted). While it is triable as an equitable action, and upon appeal review is de novo, removal of a fiduciary is a statutory procedure and the statutory requirements must be followed.

In this case, Gail C. Lovell (hereinafter Gail) filed in the probate proceedings a petition asking the removal of Baird as the fiduciary. Notice of the filing of said petition was served upon Baird. Iowa Code section 633.65 (1981) states in relevant part: "The court may upon its own motion, and shall upon the filing of a verified petition by any person interested in the estate, . . . order the fiduciary to appear and show cause why he should not be removed. Any such petition shall specify the grounds of complaint. . . ." It does not appear from the record that the trial court issued an order to the fiduciary "to appear and show cause" why he shouldn't be removed. Baird, however, did not make any issue of the lack of citation to appear below, and he has not preserved any issue concerning the lack of such citation in this appeal. Although the scope of review of this equity action contemplates the review of the entire case, such review is confined to those propositions relied upon for reversal or affirmance, and errors or propositions not assigned will not be considered on appeal. *Rector v. Alcorn*, 241 N.W.2d 196, 200 (Iowa 1976). Moreover, as noted above, the service of the petition upon Baird placed him on notice that his removal as fiduciary was being sought.

■ Baird complains that he was not given sufficient time to prepare for the hearing. It is apparent that the proceeding contemplated by section 633.65 allows the court to examine claims for removal of fiduciaries upon the petition of any person

interested in the estate. Such an examination must, of necessity, be carried out without delay. Section 633.65, by permitting the citation of the fiduciary to appear and show cause, enables the court to bring the claim before it with dispatch. The provisions concerning the removal of fiduciaries do not constitute a separate cause of action. The petition filed herein, pursuant to those provisions, was not the commencement of a suit on a separate cause of action. Such a petition, when it calls the court's attention to the need for an examination, is therefore not subject to a motion to dismiss. *In re Estate of Arduser*, 226 Iowa 103, 105, 283 N.W. 879, 880 (1939) (petition for removal is not subject to a demurrer).[3] A hearing on the petition filed by Gail, as amended, was warranted. In this case, the petition for removal and the motion to dismiss were both set for hearing almost a month before the hearing date. Baird's contention that he was entitled to a ruling on the motion to dismiss before he was required to prepare for the hearing is without merit. Under the statute he was entitled only to notice and hearing on the petition filed. There is no requirement that he file responsive pleadings. Although Baird must show cause why he shouldn't be removed, the burden of proving the allegations of the petition were upon Gail. *In re Estate of Smith*, 223 Iowa 172, 176–78, 271 N.W. 888, 890–91 (1937).

■ Baird's document entitled "Objection to Scheduling Trial" must be interpreted as a motion for continuance. The granting or denial of a motion for continuance is in the discretion of the trial court and will be interfered with on appeal only where there has been a clear abuse of that discretion, and injustice has been done thereby to the party seeking a continuance. *State v. Kyle*, 271 N.W.2d 689, 691 (Iowa 1978).

■ On the whole record, we find that Baird received notice of the petition for removal of fiduciary and of the order of its

3. The function of the demurrer, abolished by Iowa Rule of Civil Procedure 67, has been assumed by the motion to dismiss. *Postal Finance Co. v. Langton*, 166 N.W.2d 806, 807 (Iowa 1969); *Bales v. Iowa State Highway Commission*, 249 Iowa 57, 62, 86 N.W.2d 244, 247–48 (1957).

assignment for hearing. We also find that he was given an opportunity to prepare a response to the proceeding. We hold that such notice and opportunity afforded him the due process of law required by *Miller v. Warren County*, 285 N.W.2d at 193. We also hold that the trial court did not abuse its discretion in refusing to continue the hearing or in overruling Baird's objection to scheduling trial, and that Baird did not suffer injustice by reason of those rulings.

II. *Removal.* Baird next claims that the court abused its discretion in removing him as executor. In addressing the issue of the court's discretion in actions for the removal of the executor of an estate, the Iowa Supreme Court, in the case of *In re Estate of Lininger*, 230 Iowa 201, 205, 297 N.W. 310, 312 (1941), stated: "In matters of this kind, the trial court must necessarily be allowed to exercise a large discretion and, unless such discretion was abused, should not be interfered with by this court. (citation) Under the provisions of section 12066, Code of Iowa, 1939 [ (now Iowa Code section 633.65 (1983)) ], broad power is vested in the court in the matter of removing an executor or administrator."

The evidence produced at the hearing demonstrated a substantial disagreement between the executor and the decedent's son, who is a substantial beneficiary of the estate, on the matter of federal estate taxes and Iowa inheritance taxes. It is apparent that some of these matters have been left undone by reason of the case now pending on appeal; wherein the executor sought to set aside a deed from the decedent to his son and recover funds from a joint checking account in the names of the decedent and his son. There is evidence from which the trial court could have found that in the matter of death taxes, the executor's actions may constitute mismanagement of the estate. Based upon the record, we cannot hold that the trial court's removal of the executor was an abuse of discretion.

Accordingly, we affirm the trial court's removal of Donald P. Baird as executor of the estate of Alva Lee Lovell, deceased.

AFFIRMED.