In the Matter of the ESTATE OF John H. ROGGENTIEN, Deceased.

Eula HERDLISKA, Plaintiff–Appellant,

v.

The ESTATE OF John H. ROGGENTIEN, Frances Ritchie and Harold J. Roggentien, Fiduciaries of the Estate of John H. Roggentien, Defendants–Appellees.

No. 88–1314.

Court of Appeals of Iowa.

June 15, 1989.

Linda H. Robbins and Barbara H. Liesveld of Irvine & Robbins, Cedar Rapids, for plaintiff-appellant.

L.C. McMeen of Harned, McMeen & Wagner, Marengo and Thomas D. Hobart of Meardon, Sueppel, Downer & Hayes, Iowa City, for defendants-appellees.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

In *Herdliska v. Estate of Roggentien*, 423 N.W.2d 907 (Iowa App.1987) (unpub-

lished opinion), we determined Eula Herdliska was entitled to proceeds remaining from the sale of the home of decedent John H. Roggentien, his estate's only asset, after payment of funeral expenses and the costs of administration. The home sold for $14,250.

In this appeal Eula asks for us to determine whether extraordinary attorney fees and expenses of $7,766.79 for the attorneys who contested her claim and were adverse to her in this procedure are costs of administration that are deductible from the proceeds of the home. Eula contends the fees were incurred for the benefit of the heirs of decedent who would have inherited the home if her claim failed and thus they should not be chargeable against her interest. Eula also contends the attorney's applications for extraordinary fees did not meet the requirement of Iowa Code section 633.199 (1987) and Iowa Rule of Probate Procedure 2(c) and should be denied on this ground. We affirm as modified.

Eula was a housekeeper for decedent and after his death she filed a claim in his estate contending in consideration of her services decedent had promised her his home and a $5,000 life insurance policy. The district court dismissed her claim. She appealed and was successful in this court. We ordered she receive the proceeds from the estate's only asset, the home, subject to funeral expenses and the costs of administration.

After the appeal was decided, applications were filed by the attorney for the estate and the attorney who assisted with the appeal for extraordinary fees and expenses. Eula resisted. Hearing was held and the trial court ordered the extraordinary fees and expense Eula now challenges.

## I.

Eula contends the fees were incurred for the benefit of the heirs who would have inherited the estate had she not prevailed and not for the benefit of the estate where she had standing as a creditor.

This case presents a unique issue because Eula's claim was for more than the entire assets of the estate and the fees for defending the claim will nearly consume moneys available after the payment of funeral expenses, ordinary attorney fees and court costs. Costs of administration include attorney fees. Iowa Code § 633.3(8).

Our review is de novo. *In re Estate of Bolton*, 403 N.W.2d 40, 42 (Iowa App.1987); *In re Estate of Bruene*, 350 N.W.2d 209, 211 (Iowa App.1984).

■ To a considerable extent the compensation of an attorney rests in the discretion of the trial court but this must be a reasonable discretion. *Glynn v. Cascade State Bank*, 227 Iowa 932, 939, 289 N.W. 722, 725 (1940). The award of attorney fees in probate cases is governed by Iowa Code sections 633.197 to 633.199. A claim for extraordinary fees comes under Iowa Code section 633.199, which states:

> Such further allowances as are just and reasonable may be made by the court to personal representatives and their attorneys for actual necessary and extraordinary expenses or services. Necessary and extraordinary services shall be construed to also include services in connection with real estate, tax matters, and litigated matters.

*Matter of Estate of Mabie*, 401 N.W.2d 29, 30 (Iowa 1987). Eula contends the fees should not be allowable under this section.

In *In re Law's Estate*, 253 Iowa 599, 113 N.W.2d 233 (1962), the Iowa court addressed the issue of a nominated executor obligating a decedent's estate for attorney fees in an action challenging decedent's will and indicated in instances where no special interest of the estate appears expense to the estate may not be justified, *Law's*, 253 Iowa at 603, 113 N.W.2d at 235, and at times to allow fees as estate costs would compel the contestant to share in the cost of attorney fees of the party determined to be wrong. *Law's*, 253 Iowa at 603, 113 N.W.2d at 235.

The court determined the question should be narrowed to one of whether the issue is one of personal interest between the heirs and the claimants or whether it is

one that justified incurring attorney fees at the expense of the estate. *Id.*

■ We find *In re Law's Estate* to be instructive. *Law's* directs there can be no definite rules as to when an executor or administrator can legally obligate an estate to pay expenses and attorney fees connected with litigation. *Law's*, 253 Iowa at 602, 113 N.W.2d at 234. The circumstances of each case must be assessed to determine if the fees are reasonably required or justified in the interest of the estate.

■ Administrators and executors are defined as persons appointed by the court to administer the estate, the administrator in an intestate estate and the executor in a testate estate. Iowa Code §§ 633.3(1) and (16). The executor or administrator as a fiduciary has an obligation to both the heirs and the creditors of the estate. For an attorney to be paid fees by a fiduciary it is generally necessary to show a benefit to the estate and just cause for pursuing the matter. *See generally In re Estate of Cory*, 184 N.W.2d 693, 698–99 (Iowa 1971).

■ To determine whether there is a benefit to the estate we need first address what an estate is. An estate is more than the sum of the interests of the ultimate distributees. It is a separate entity concerned with the conservation of the property until distribution is directed. *See* 40 A.L.R.2d 1407, 1410. An executor or administrator must be concerned with the preservation of the estate for both the creditors and the beneficiaries. Obviously, an executor cannot act to protect one group with complete disregard to the other.

In *In re Estate of Plumb*, 256 Iowa 938, 941, 129 N.W.2d 630, 632 (1964), the court determined the residuary legatees were the real parties in interest to defend a claim made against the estate because they were the equitable owners of substantially the entire estate. The heirs here had a similar position. If the claimant had not been successful, each heir would receive a share of the estate. Because claimant was successful they will not inherit. If we are to affirm the district court order, the fees to advocate the heirs' position will come from claimant's recovery on her claim.

■ There is inequity in allowing an executor to justify the depletion by an estate by attorney fees to support the interests of heirs as against a claimant or claimants. To allow the reduction of a claimant's recovery by fees to defend the heirs' position would allow the heirs to say to claimant if you don't settle, we'll spend the estate for attorney fees, so if you win you lose. We, the heirs, are no worse off because our attorney fees will come from your share.

We have determined there are no hard and fast rules and we look instead to the balancing of equities. We have considered (1) the nature of the proceeding, (2) the course of action needed to be taken, (3) the fact because of the size of the estate the ultimate issue was between claimant and heirs, and (4) whether the heirs should have been forced to conduct litigation at their own expense.

We determine in this instance the executor in the interest of the estate was correct in seeking legal assistance to assess the nature of the proceeding and the course of action to take on the claim. However, when it became apparent the issue was who would take the balance of the estate the claimants or the heirs, there was no equity in accruing attorney fees to defend the heirs' position to the detriment of the claimant should she be successful. We therefore determine the order for fees and costs should be modified.

Before determining what portion of the extraordinary fees should be allowed, we must address Eula's contention the application for extraordinary fees does not meet the statutory and rule requirements. Iowa Rule of Probate Procedure 2 states in relevant part:

> When an allowance for extraordinary expenses or services is sought pursuant to Iowa Code section 633.199, the request *shall* include a written statement showing (1) the necessity for such expenses or services, (2) the responsibilities assumed, and (3) the amount of extra time or expense involved. In appropriate cases, the statement shall also explain the im-

portance of the matter to the estate and describe the results obtain.... The applicant shall have the burden of providing such allowance should be made.

Iowa Rule of Probate Procedure 2(c) (emphasis added). *See Mabie,* 401 N.W.2d at 30–31. *See also Matter of Estate of Bolton,* 403 N.W.2d at 47.

We find the attorneys have met the statutory and rule requirements for claiming extraordinary fees. We allow McMeen extraordinary fees for sale of realty of 1 hour; for a nonprobate procedure to clear title of 1.4 hours; and litigation time of 20.6 hours, for a total of 23 hours at $75 per hour; we determine 5 hours should be allowable for attorney Hobart at $75 per hour. We modify the order to allow extraordinary fees of $1,725 to McMeen and $377 for Hobart.

We do not address the reasonableness and necessity of the balance of the fees or whether or not they may in fact be owed by the heirs.

Costs on appeal are taxed to the estate.

AFFIRMED AS MODIFIED.