In the Matter of the ESTATE OF John H. ROGGENTIEN, Deceased.

The ESTATE OF John H. ROGGENTIEN, Frances Ritchie and Harold J. Roggentien, Fiduciaries of the Estate of John H. Roggentien, Appellants,

v.

Eula HERDLISKA, Appellee.

No. 89–1942.

Court of Appeals of Iowa.

Nov. 29, 1990.

L.C. McMeen, of Harned, McMeen & Wagner, Marengo, for appellants.

Linda H. Robbins, of Irvine & Robbins, Cedar Rapids, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

Previously, this court ordered the house of decedent, John Roggentien, sold with the proceeds remaining after the payment of funeral and administrative expenses to go to Eula Herdliska. Another court of appeals decision established the allowable amount of extraordinary fees chargeable to the estate. In this appeal, the Roggentien estate contends the district court erred in ruling that the payment of funeral and administrative expenses would be applied against all of the assets of the estate and not just against the proceeds from the sale of the house. The estate contends the district court incorrectly interpreted this court's prior decisions. We affirm with directions.

John Roggentien died intestate in September 1985. The primary asset of the estate was his personal residence. Eula Herdliska, a non-relative, filed a claim against his estate, seeking either specific performance of an alleged oral contract, or money damages based on theories of detrimental reliance, estoppel, and constructive trust. She contended the decedent had promised to leave her the house and a $5,000 life insurance policy in consideration for her services as a housekeeper, cook, and companion. The district court dismissed her claim against the estate. In a related proceeding, the estate filed an action against Herdliska to recover possession of the house. The district court ruled in favor of the estate in this action. Herdliska appealed both decisions and the two appeals were consolidated.

In *Herdliska v. Estate of Roggentien,* 423 N.W.2d 907 (Iowa App.1987), this court concluded Herdliska had established she was entitled to recover money damages under the theory of promissory estoppel and detrimental reliance. We assumed "the only available source for the measure of damages are the proceeds of the life insurance policy ... and the real property of the estate valued at approximately $17,-000." This court then noted the insurance policy was given away during the decedent's lifetime. We therefore ordered the house sold with the proceeds after funeral expenses and the costs of administration to go to Herdliska.

The parties were again before this court contesting the appropriateness of extraordinary fees set by the district court. In *In re Estate of Roggentien,* 445 N.W.2d 388 (Iowa App.1989), this court modified the district court's award of extraordinary fees. We noted an estate is a separate entity concerned with the conservation of the property until distribution is directed. *Id.* at 390. For attorney's fees to be chargeable against the assets of the estate it is generally necessary to show a benefit to the estate and just cause for pursuing the matter. *Id.* (authorities omitted). We

found that the court-ordered extraordinary fees, relating to Herdliska's claim against the estate, required our modification. "[W]hen it became apparent the issue was who would take the balance of the estate the claimants or the heirs, there was no equity in accruing attorney fees to defend the heirs position to the detriment of the claimant should she be successful." *Id.* At that time the estate no longer benefited from the legal services rendered; the issue became one of personal interest between the heirs and the claimants. *Id.* at 389.

Eventually, the house was sold leaving proceeds in the amount of $12,334.77.

The estate then filed an application concerning the appropriate distribution of the sale proceeds. The estate claims the assets of the estate include a judgment against Herdliska for rent. The estate contends the language of the decisions of the court of appeals requires that the funeral expenses and costs of administration be assessed against only the house sale proceeds. Herdliska contends there are now other assets of the estate and the expenses should be assessed against all of the assets. The district court accepted the estate's contention that this court's prior decision did not disturb the estate's judgment against Herdliska for rent. It also found the amounts owed to Harold Roggentien by the estate (for advanced funeral expenses) be considered in light of the amounts owed to the estate by Mr. Roggentien for rent (the net effect being that the estate owed Roggentien $864.40 for funeral expenses). The district court ordered the remaining funeral expenses and costs of administration assessed against all the assets of the estate, the net proceeds payable to Herdliska. The estate appealed.

We are unable to ignore the fact that the fiduciaries of the estate are the children and disappointed heirs of John Roggentien. This third appeal concerning who is to receive the assets of the decedent's estate suggests to this court a personal frustration with, and an attempt to circumvent, our prior opinions. The fiduciaries of the estate ask this court to interpret its prior decisions in a manner that would create a

portion of the estate (1) immune from deductions for funeral expenses and costs of administration and (2) to which Herdliska is not entitled. The district court accurately portrayed the consequences of this argument in a nutshell: "Following the position of the fiduciaries, they would receive some sort of inheritance." The district court then stated, "it is clear that that was not the intent of the Court of Appeals." In this appeal, the fiduciaries are seeking some indication that it was not so clearly our intention that they not inherit. The appellants search in vain.

▌ Generally an appellate court enjoys broad latitude when called upon to interpret the meaning of its own prior order. *Thomas v. Minner,* 340 N.W.2d 285, 286 (Iowa 1983). Further, a decree is susceptible of interpretation on the same basis as other written instruments. "The determinative factor is the intention of the court as gathered from all parts of the judgment. Effect must be given to that which is clearly implied as well as to that which is expressed." *Dairyland, Inc. v. Jenison,* 207 N.W.2d 753, 754 (Iowa 1973) (quoting *Whittier v. Whittier,* 237 Iowa 655, 663, 23 N.W.2d 435, 440 (1946)).

When our first opinion in this matter was decided, this court was clearly under the impression the estate's only asset was the decedent's house.

The **only available sources for the measure of damages** are the proceeds of the life insurance policy of which Harold Roggentien was made beneficiary and the real property of the estate valued at approximately $17,000. The insurance policy, we note, was given away during Roggentien's lifetime.

*Herdliska v. Roggentien,* slip op. at 7 [423 N.W.2d 907 (Table) ] (emphasis added). It is also apparent we concluded Herdliska was entitled to money damages in excess of the estate assets.

We also find Herdliska's many duties to Roggentien to be valued at more than the free rent, utilities, and groceries she may have received.... Using the most conservative figure of $32 per day, Herdliska would be entitled to $11,680 for just

one year's service. We think Herdliska's rent, utilities, and groceries, would be valued at substantially less than $11,680. [Herdliska performed services for Roggentien for 15 years.]

*Id.* at 6. We ordered the house sold with the proceeds remaining after payment of funeral expenses and costs of administration to go to Herdliska. *Id.* at 7. Where we concluded Herdliska was to receive the only asset of the estate and where all necessary estate expenses would be deducted from that asset, the clear implication is that Herdliska was entitled to all assets of the estate.

Even if this court's intent was not as unambiguous as we find it to be, our opinion in the second appeal explains unequivocally, "Because claimant [Herdliska] was successful they [the heirs] **will not inherit.**" *In re Estate of Roggentien,* 445 N.W.2d at 390 (emphasis added).

This court concluded Herdliska was entitled to all the assets of Roggentien's estate, the natural consequence of this conclusion being that there is nothing for the heirs to inherit. The district court correctly interpreted our prior decisions when it found "it is clear that [inheritance by the heirs] was not the intent of the Court of Appeals." The estate's argument presently before this court attempts to evade this clear mandate.

We hold the district court correctly concluded the remaining funeral expenses and costs of administration are to be deducted from all assets of the estate, with the net proceeds payable to Eula Herdliska. The heirs of John H. Roggentien will inherit nothing from this estate. Additionally, the expenses chargeable to the assets of the estate will be limited to those enumerated in the district court's order of November 21, 1989:

| | |
|---|---|
| Remainder owed to Harold Roggentien | $ 864.40 |
| Administrative fee | 425.05 |
| Attorney's fees | 425.05 |
| State court costs | 149.95 |
| Costs of the first appeal | 434.00 |
| Costs of the second appeal | 467.87 |
| Extraordinary attorney's fees | 2,102.00 |

The costs of this appeal will not be imposed upon the estate.

We find this appeal was taken to advance the personal interests of the heirs, has not benefited the estate and therefore the expense to the estate cannot be justified. *C.f. In re Estate of Law,* 253 Iowa 599, 603, 113 N.W.2d 233, 235 (1962); *see also Roggentien,* 445 N.W.2d 388 (Iowa App. 1989). In *Roggentien* this court wrote,

There is inequity in allowing an executor to justify the depletion by [sic] an estate by attorney fees to support the interests of heirs as against a claimant or claimants. To allow the reduction of a claimant's recovery by fees to defend the heirs' position would allow the heirs to say to claimant if you don't settle, we'll spend the estate for attorney fees, so if you win you lose. We, the heirs, are no worse off because our attorney fees will come from your share.

445 N.W.2d at 390. We can discern no lesser inequity in allowing fiduciaries to justify the depletion of the estate by incurring costs of an appeal where they attempt to evade a prior ruling of this court. Therefore, the costs of this appeal are directly taxed to the fiduciaries, Frances Ritchie and Harold J. Roggentien. *See In re Estate of Carroll,* 149 Iowa 617, 623, 128 N.W. 929, 931 (1910) (costs of appeal imposed upon the administratrix where the estate had no interest in prosecuting the appeal).

In summary, the remaining funeral expenses and costs of administration of the Roggentien estate, excluding the costs of this appeal, shall be assessed against all assets of the estate (whatever they may be) and the net proceeds shall be payable to Eula Herdliska. The heirs of John Roggentien take nothing from the estate. Costs of this appeal are directly taxed to the appellants, Frances Ritchie and Harold J. Roggentien, and may not be assessed against the assets of the estate.

AFFIRMED WITH DIRECTIONS.