In the Matter of the ESTATE OF Frank A. JONES, a/k/a Frank Jones, Deceased.

Colleen BIVENS and Kristine E. Nelson, Heirs and Beneficiaries, Appellants,

v.

Lucille GORHAM and Crawford County Trust & Savings Bank, Co–Executors of the Estate of Frank A. Jones, Deceased, Appellees.

No. 91–1668.

Court of Appeals of Iowa.

Sept. 29, 1992.

Allen K. Nepper of Nepper & Tilton, Denison, for appellants.

Michael G. Reilly of Perkins, Sacks, Hannan, Reilly & Petersen, Council Bluffs, for appellees.

Heard by DONIELSON, P.J., HAYDEN, J., and KEEFE, Senior Judge.*

KEEFE, Senior Judge.

Frank Jones voluntary placed his business affairs in a guardianship and conservatorship on May 4, 1984. He was then eighty-eight years old and resided at the Dunlap Care Center, a nursing home. Frank's will at that time provided his estate should be divided among the following four persons: his stepsister, Lavina Dethlefs; his niece, Colleen Bivens; his stepdaughter, Evonne Nelson; and his granddaughter, Kristine Nelson.

* Senior Judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

Frank later changed his will to give his friend and neighbor, Lucille Gorham, a one-quarter interest in his estate. In September 1984 Frank filed a petition seeking to have Lucille and the Crawford County Trust and Savings Bank (the Bank) named as conservators. This application was approved by the district court.

Frank executed a new will on March 7, 1985, which gave $25,000 to Colleen Bivens, $10,000 to Lavina Dethlefs, placed $25,000 in trust for Kristine Nelson, and gave the remainder to Lucille. Frank then had net assets worth about $712,000, and thus Lucille was to receive about ninety percent of his estate.

Lucille's son, Gary Gorham, had previously entered into a contract to purchase about 212 acres of farmland from Frank. The contract required a balloon payment in March 1985. The conservators, Lucille and the Bank, entered into an extension agreement with Gary which gave him until March 1988 to pay the balloon payment. The conservators also entered into a farm lease with Gary for another 240 acres of land. Frank's will of March 1985 provided that upon his death Gary's debt under the real estate contract would be forgiven.

The conservators also took over $15,000 from the conservatorship funds for Frank's personal use and made a charitable contribution of $6,000 without court approval.

Frank died on December 5, 1988. Lucille and the Bank were appointed as executors. They presented his will of March 1985 for probate. At that time Frank's estate was valued at about $962,000.

Colleen Bivens, Kristine Nelson, and Richard Crandall, as conservator for Lavina Dethlefs, filed a petition to set aside the will. The case was tried to a jury. A judgment was entered on December 20, 1990, which declared the will of March 1985 void for lack of testamentary capacity. The executors appealed. In an unpublished decision, dated April 28, 1992, we affirmed the district court.

The will contestants filed a petition on April 9, 1991, seeking the removal of Lucille and the Bank as executors. The petitioners claimed the executors: 1) hired outside counsel to represent the estate in the will contest and paid more than $21,000 for this representation without court authority; 2) hired accountants to prepare the estate income tax returns and paid the accountants without court authority; 3) continued to rent certain farmland to Gary without court authority; 4) paid for repairs and utilities on the leased property which were not required under the lease; and 5) did not require Gary to make any further payments on the real estate contract.

On June 12, 1991, the executors filed an application for payment of their fees under Iowa Rule of Probate Procedure 2(d). They also sought court approval to use estate funds to pay outside counsel for their appeal of the judgment setting aside the will.

The district court consolidated these proceedings. While the action was pending the Bank resigned as an executor. The court found Lucille's actions as a conservator had no relevance to her qualification as an executor. The court refused to remove Lucille as an executor. The court awarded Lucille and the Bank executor fees of $4,924 each. The estate's attorney was awarded $9,848. The court awarded the outside counsel $4,890 for past services and authorized the estate to pay for the prosecution of the will contest appeal. Colleen Bivens and Kristine Nelson appealed.

■ I. Actions for the removal of a fiduciary are triable as actions in equity under Iowa Code section 633.33. *In re Estate of Lovell,* 344 N.W.2d 576, 577 (Iowa App.1983). Review of such actions is de novo. *Id.* Although the executor must show cause why she should not be removed, the burden of proving the allegations of the petition are upon the petitioner. *Id.* at 578.

Because the Bank has voluntarily resigned, we only consider the question of whether Lucille should be removed as an executor.

II. During the hearing on the petition to remove the executors, the district court issued a ruling excluding evidence of the acts or deeds of the conservators during the conservatorship. The court ruled that only the executors' conduct in handling the estate was relevant to the issue of their removal. The petitioners made an offer of proof to show misconduct by Lucille while she performed her duties as a conservator. The petitioners now claim the district court should have considered the evidence of this misconduct in determining whether Lucille should be removed as an executor.

The relevance of an executor's acts prior to becoming an executor were discussed in the case *In re Estate of Cutler*, 368 N.W.2d 724 (Iowa App.1985). We there stated:

> It is apparent from the court's pretrial comments and from its conclusions of law that these statutes [Iowa Code §§ 633.63, 633.65 (1983) ] were construed to authorize removal only upon proof of an executor's unsuitability while performing the duties of executor without regard to acts done prior to his appointment. This was an error of law. Section 633.65 allows removal of an executor who "is disqualified" because he is unsuitable as well as one who "becomes disqualified" because he is unsuitable. An executor cannot become disqualified until after he is appointed. The legislature's use of the words "is disqualified" must therefore refer to acts done before appointment that are sufficient for disqualification after appointment.

*Id.* at 726.

■ An executor's past acts may be examined to determine whether the executor was suitable for appointment initially. *Id.* at 727. We therefore conclude the district court erred by not considering Lucille's conduct as a conservator in determining whether she was suitable to continue as an executor of the estate.

■ III. We next address the question of whether Lucille should be removed as an executor of Frank's estate. A court has broad discretion in the matter of removing an executor or administrator. *Lovell*, 344 N.W.2d at 579.

In *Cutler*, we stated that an executor may be deemed unsuitable when a conflicting personal interest prevents the executor from performing his or her duty. 368 N.W.2d at 729. An executor may be considered unsuitable because he or she has been put in a position hostile to the legatees. *Id.* at 727. In the present case, the will contest has placed Lucille in a position contrary to that of the other beneficiaries.

■ We also consider the evidence of Lucille's misconduct as a conservator and as an executor. As a general rule, trustees are prohibited from engaging in self-dealing transactions with the trust and from obtaining personal advantage from their dealings with trust property. *Harvey v. Leonard*, 268 N.W.2d 504, 512 (Iowa 1978). A trustee cannot use its position, directly or indirectly, for its own advantage or profit. *Coster v. Crookham*, 468 N.W.2d 802, 806 (Iowa 1991).

■ The evidence in this case tends to show that Lucille used her position as conservator, and later as executor, in order to benefit her son, Gary. The conservators agreed to postpone Gary's balloon payment for property he was buying from Frank. As an executor, Lucille did not require Gary to make any further payments on the property after Frank's death. She also indebted the estate for repairs and utilities on property leased to Gary, even though the lease did not require the landlord to pay for these debts. Furthermore, during the conservatorship and estate proceedings, certain property was leased to Gary without court supervision or approval.

■ Additionally, as an executor, Lucille used estate funds to hire outside counsel to represent the estate in the will con-

test without court authority.[1] Lucille argues that these are merely technical violations of the probate code which do not demand her removal. However, because Lucille and the other beneficiaries had divergent interests due to the will contest, we will look closely at any violations.

After considering all of these factors in our de novo review, we conclude Lucille should be removed as an executor of Frank's estate. We reverse the district court's dismissal of the petition to remove executors and order that Lucille be immediately removed as an executor. We remand to the district court to appoint a suitable replacement executor.

■■■ IV. The petitioners also argue the court should not have awarded fees to the executors and their attorney pursuant to Iowa Rule of Probate Procedure 2(d). Rule 2(d) provides:

> One half of the fees for ordinary services may be paid when the federal estate tax return, if required, and Iowa inheritance tax return, if required, are prepared.... The remainder of the fees may be paid when the final report is prepared and the costs have been paid. The schedule for paying fees may be different when so provided by order of the court for good cause.

The first half of the fees in this case were approved by the court on December 13, 1989. The executors were each awarded $4,924. Kenneth Sacks, the attorney for the estate, was awarded $9,848. The executors and the estate's present attorney, Michael Reilly, filed a petition seeking the remainder of their fees under Rule 2. The district court found there was good cause for the payment of the fees, even though the final report had not yet been filed in the probate proceedings due to the continuing litigation in the case.

We conclude the district court abused its discretion in awarding the remainder of the fees in this case. As the petitioners point out, there are many duties which still face the executors of Frank's estate due to the fact the March 1985 will was set aside. Also, the Bank has resigned, and we have ordered the removal of Lucille as an executor. The subsequent executors may well be entitled to share in the award of fees. We determine good cause was not shown under Rule 2(d). We therefore reverse the district court's award of fees pursuant to Rule 2(d) at this time.

V. Finally, we address the petitioners' contention that the estate should not be required to pay for the appeal of the will contest. The district court ordered that the ongoing legal fees and expenses for outside counsel to prosecute the appeal in the will contest should be borne by the estate.

■■■ There are no definite rules as to when an executor or administrator can legally obligate an estate to pay expenses and attorney fees connected with litigation. *In re Estate of Roggentien,* 445 N.W.2d 388, 390 (Iowa App.1989). The circumstances of each case must be assessed to determine if the fees are reasonably required or justified in the interest of the estate. *Id.* For an attorney to be paid fees by a fiduciary it is generally necessary to show a benefit to the estate and just cause for pursuing the matter. *Id.*

■■■ We determine the district court abused its discretion in ordering the estate to be responsible for the costs of the appeal of the will contest. There is no evidence showing the appeal was of any benefit to the estate. Rather, the appeal promoted only the personal interests of Lucille. We order Lucille to reimburse the estate for any fees or costs paid to outside counsel for prosecuting the appeal in the will contest.

---

1. It is the better practice for an executor to obtain court authorization for attorney fees before commencement of a legal action. *In re Estate of Olson,* 479 N.W.2d 610, 614 (Iowa App.1991). An executor has the burden to show the action is motivated by good faith and just cause, rather than simply personal advantage. *Id.* Attorneys are prohibited from receiving fees in probate proceedings until after the amount is fixed by the court. *See Committee on Professional Ethics & Conduct v. Zimmerman,* 465 N.W.2d 288, 292 (Iowa 1991).

VI. In summary, we have ordered the removal of Lucille Gorham as an executor in the estate of Frank Jones and remanded for the appointment of a replacement executor. Lucille should file a final report covering her activities as executor of this estate as required by Iowa Code section 633.-477 and within thirty days after procedendo is filed in this case by the clerk's office. Upon court approval of this report she shall be discharged as executor. We have reversed the district court's award of the remaining executor fees under Iowa Rule of Probate Procedure 2(d). We have also ordered Lucille Gorham to reimburse the estate for any fees or costs paid to outside counsel for prosecuting the appeal in the will contest involving this estate.

REVERSED AND REMANDED.