In the Matter of the ESTATE OF
Leah A. PENCE, Deceased.

Dorothy E. CARINGELLA, Claimant and
Administrator for the Estate of Leah
A. Pence, Appellant/Cross–Appellee,

v.

Steven C. MOORE, Temporary Adminis-
trator for the Estate of Leah A. Pence,
Appellee/Cross–Appellant.

No. 92–318.

Court of Appeals of Iowa.

Dec. 29, 1993.

Timothy Wink and Jay T. Schweitzer, Co-
lumbus Junction, and Gregory A. Johnston,
Muscatine, for appellant.

Donald L. Carr, II of Smith, Schneider,
Stiles, Wimer, Hudson, Serangeli, Robinson,
Mallaney, Shindler, Scalise & Sandre, P.C.,
Des Moines, and Steven A. Sents of Newell
& Sents, Columbus Junction, for appellee.

Before SCHLEGEL, P.J., and HAYDEN
and SACKETT, JJ.

SACKETT, Judge.

Appellant-claimant Dorothy E. Caringella
appeals contending extraordinary fees and
expenses for a special administrator and at-
torneys who represented a special adminis-
trator in contesting her claim against the
estate of Leah Pence should not have been
made a cost of administration and charged
against the assets of the estate of Leah A.
Pence. We agree. We reverse in part and
modify in part.

Leah and her husband, John, who prede-
ceased her, executed a mutual and contractu-
al will and subsequent codicil that provided
for a life estate in the survivor and the
balance of the estate to go in equal amounts
to Mildred Rawhouser, Betty Thomas, John
W. Pence, Jr., Jacklyn Jansen, Kim Harding,
and the appellant-claimant Dorothy Caringel-
la. After these documents were drafted,
Dorothy came from Chicago to care for Leah
and John with the apparent understanding

John and Leah would give her their property when they died. John died in January 1986. John and Leah held all their property in joint tenancy and John's estate was not probated. After John's death, Leah, in June 1986, drew a will leaving her estate to Dorothy. When Leah died in August 1986, Dorothy petitioned to be executor of her estate and designated Jay T. Schweitzer as her attorney. John Pence, Jr., Jacklyn Jansen, and Kim Harding sought to impose a trust on Leah's property under the terms of the joint and contractual will that had not been revoked at John's death. They were represented in the challenge by Steven A. Sents and Donald L. Carr, II. Dorothy sought to preserve the second will. She was not successful. Sents and Carr were awarded attorney fees from the estate for this challenge. Those issues were resolved in prior proceedings and are not the subject of this appeal.

After Dorothy realized Leah's will would not control, she filed a claim for services rendered John and Leah and asked for $61,824. Dorothy was represented in filing the claim by the attorney for the estate, Jay T. Schweitzer. Steven C. Moore was appointed temporary administrator, and he denied Dorothy's claim because it was not timely filed. Sents and Carr, who had represented the challengers in their original action, were appointed attorneys for the special administrator. The claim was tried, and a jury found Dorothy entitled to $28,490.63. The temporary administrator appealed, and the case was affirmed by this court in an unpublished opinion. *In re Estate of Pence*, 478 N.W.2d 641 (Iowa App.1991).

Sents then requested attorney fees of $6814 and Carr requested attorney fees of $9,772.76 for representing the special administrator at trial and on appeal, and Dorothy objected. The court determined one-half of each attorney's fees should be paid from the estate and allowed Carr attorney fees of $4886 and Sents attorney fees of $3407 from the estate and allowed fees to the temporary administrator of $2297.

Dorothy appeals contending the fees of Carr and Sents should not · be charged against the estate because they were litigating the interest of the three heirs and they failed to comply with Iowa R. of Probate P. 2(c) and Iowa Code section 633.202. She further contends the temporary administrator's claim for extraordinary fees should be disallowed.

In looking at the legal services rendered by Sents and Carr, the question is whether the issue they litigated is one of personal interest between the heirs and the claimants or whether it is one that justified incurring attorney fees at the expense of the estate. *In re Estate of Law*, 253 Iowa 599, 603, 113 N.W.2d 233, 235 (1962); *In re Estate of Roggentien*, 445 N.W.2d 388, 389–90 (Iowa App.1989)

An estate is a separate entity concerned with the conservation of the decedent's property until distribution is directed. *Roggentien*, 445 N.W.2d at 390. An executor or an administrator must be concerned with the preservation of the estate for both the creditors and the beneficiaries and cannot act to protect one group with complete disregard to the other. *Id.*

The beneficiaries under the will were the real parties in interest to defend the claim because if they were successful, their share in the estate would be larger and because the claimant was successful, there is little for them to inherit. *In re Estate of Plumb*, 256 Iowa 938, 941, 129 N.W.2d 630, 632 (1964); *See Roggentien*, 445 N.W.2d at 390.

The estate is small enough that charging the fees of Carr and Sents against the estate will reduce the claim that Dorothy was allowed. There is no equity in allowing an executor to justify the depletion of an estate by attorney fees to support the interests of heirs as against a claimant or claimants.

In this case, it became obvious once the claim was filed it was Dorothy's interest against the interests of the contesting heirs. Carr and Sents had represented the contesting heirs in the prior proceedings and Carr and Sents clearly were advocates for the position of the contesting heirs. We agree with Dorothy that the fees of Carr and Sents should not have been charged against the estate. We disallow them as a claim against the estate. Having done so, we need not

address Dorothy's claim that the attorneys failed to follow the statutory and case dictates on fixing extraordinary fees and we will not address that issue.

■ Dorothy also contends the fees of the temporary administrator should be disallowed. The temporary administrator was allowed fees of $2297. The temporary administrator is a licensed and practicing attorney in Iowa. Dorothy claims he abrogated his duties to the two attorneys who had represented the three adverse to her position. We are inclined to agree. We modify to reduce his fee to $1500 and direct it be charged against the estate.

Costs on appeal are taxed one-third to attorney Sents, one-third to attorney Carr, and one-third to Dorothy.

**REVERSED IN PART; MODIFIED IN PART.**