# IN THE COURT OF APPEALS OF IOWA

No. 14-1557
Filed July 22, 2015

**DEBORAH E. MCFADDEN, Individually
and as Administrator of the Estate of
CHARLES WALTER MCFADDEN JR., Deceased,**
       Plaintiffs-Appellants,

**vs.**

**THE DEPARTMENT OF TRANSPORTATION, STATE OF IOWA,**
       Defendant-Appellee.
_____

       Appeal from the Iowa District Court for Warren County, Sherman W.

Phipps, Judge.


       A wife appeals the district court's dismissal of her wrongful death claim

against the State of Iowa.  **AFFIRMED.**



       S.P. DeVolder of The DeVolder Law Firm, Norwalk, for appellants.

       Thomas J. Miller, Attorney General, and Robin G. Formaker, Assistant

Attorney General, for appellee.



       Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Deborah McFadden, individually and as administrator of the estate of her husband, Charles McFadden Jr., appeals the district court's dismissal of her wrongful death lawsuit against the State of Iowa. She claims the court improperly dismissed the action, claiming she did in fact exhaust the administrative remedies, which gave the district court subject matter jurisdiction over the claim. Because we agree with the district court's determination that Deborah, as administrator of the estate of Charles McFadden Jr., did not exhaust the administrative remedies, we affirm the district court's dismissal.

Charles McFadden Jr. died in a single-vehicle motorcycle accident in Warren County. Deborah filed a lawsuit against the Iowa Department of Transportation (IDOT)[1] and the State of Iowa alleging claims of negligence in the design, maintenance, condition, and signage of the shoulder of the state highway where the accident occurred. The State filed a motion to dismiss the claims, asserting Deborah, as administrator of the estate, did not exhaust the administrative remedies under chapter 669 and asserting Deborah, individually, failed to state a claim upon which relief could be granted.

The district court granted the motion, concluding Deborah's failure to make any mention of her husband's estate or her position as its administrator in the administrative claim form with the State Appeal Board deprived the court of subject matter jurisdiction over the claims made through the entity of the estate. The court also dismissed the claims made by Deborah individually noting that

---

[1] The IDOT was dismissed from the action by stipulation of the parties pursuant to Iowa Code section 669.16 (2013), and this issue is not appealed.

Deborah acknowledged she has no individual claim against the State since she has no right individually to bring a claim for the wrongful death of her husband.[2]

Our review of the district court's decision on a motion to dismiss is for correction of errors at law. *In re Estate of Voss*, 553 N.W.2d 878, 880 (Iowa 1996).

In her lawsuit, Deborah made a wrongful death claim against the State. To recover compensation when the wrongful act resulting in a person's injury or death is caused by the State, a person must bring a claim under the State Tort Claims Act. *See generally* Iowa Code ch. 669. With respect to claims brought under the act, the State has waived sovereign immunity—"The state shall be liable in respect to such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances . . . ." *Id.* § 669.4. However, before the State can be sued in district court, a party must first exhaust the administrative remedies by filing a claim with the director of the department of management. *Id.* § 669.3(2) ("A claim made under this chapter shall be filed with the director of the department of management, who shall acknowledge receipt on behalf of the state."); *see also id.* § 669.5 ("A suit shall not be permitted for a claim under this chapter unless the attorney general has made final disposition of the claim. However, if the attorney general does not make final disposition of a claim within six months after the claim is made in writing to the director of the department of management, the claimant may, by notice in writing, withdraw the claim from consideration and begin suit under this chapter.").

---

[2] This portion of the court's decision is not appealed.

The exhaustion of the administrative remedies in chapter 669 is jurisdictional. *Voss,* 553 N.W.2d at 880. "Improper presentment of a claim, or not presenting one at all, has been considered a failure to exhaust one's administrative remedies, depriving the district court of subject matter jurisdiction." *Id.* A suit commenced without complying with the State Tort Claims Act is subject to dismissal. *Id.*

Deborah filed the standard State Appeal Board claim form on October 30, 2013, identifying herself, "Deborah McFadden," as the "claimant" and seeking $750,000 for wrongful death damages. In itemizing her damage claim, Deborah asked for $4376.82 for funeral expenses[3] and then stated "Claimant seeks payment for loss of consortium due to the loss of aid, support, love, affection, and society due to the death of her husband, Charles McFadden Jr. in the amount of $750,000.00." Except for noting that Charles died as a result of the accident, no reference or identification was made of Charles's estate or Deborah's role as the administrator.

Damages in a wrongful death action include "the value of services and support recoverable by a designated beneficiary under Iowa Code section

---

[3] We note that the case law establishes that funeral expenses are not recoverable in a wrongful death action because "death is inevitable. It comes to all. Undoubtedly this expense is one that would have been incurred by this estate had deceased been permitted to live out his expectancy." *Brady v. Haw*, 174 N.W. 331, 332 (Iowa 1919). However, the estate is entitled to recover the interest on the burial expenses as a result of having to pay the expenses early. *See Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 661 (Iowa 1969) (noting in a wrongful death action, the estate may recover "[a]n award of interest on the reasonable funeral expenses of decedent for such length of time as it was prematurely incurred").

613.15."[4] *Mead v. Adrian*, 670 N.W.2d 174, 179 (Iowa 2003) (listing the various types of damages that can be recovered as part of a wrongful death claim). The ability to recover wrongful death damages, including a claim for loss of consortium rests, not with the surviving spouse, but with the administrator or executor of the decedent's estate, who recovers that claim for the spouse's benefit under section 633.336. That section provides:

> When a wrongful act produces death, damages recovered as a result of the wrongful act shall be disposed of as personal property belonging to the estate of the deceased; however, if the damages include the loss of services and support of a deceased spouse, parent, or child, the damages shall be apportioned by the court among the surviving spouse, children, and parents of the decedent in a matter as the court may deem equitable consistent with the loss of services and support sustained by the surviving spouse, children, and parents respectively.

Iowa Code § 633.336.

If Deborah, as a former spouse, brought the wrongful death action based on the death of her husband, the money recovered would go directly to her, instead of the estate. This would be incompatible with section 633.336, which provides wrongful death proceeds, including loss-of-consortium damages, are considered to be personal property belonging to the estate of the deceased, not

---

[4] Iowa Code section 613.15 provides:
> In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions, and recovery may be had on account thereof in the same manner as in cases of damage because of the wrongful or negligent injury or death of a man. In addition she, or her administrator for her estate, may recover for physician's services, nursing and hospital expense, and in the case of both women and men, such person, or the appropriate administrator, may recover the value of services and support as spouse or parent, or both, as the case may be, in such sum as the jury deems proper; provided, however, recovery for these elements of damage may not be had by the spouse and children, as such, of any person who, or whose administrator, is entitled to recover same.

belonging to the former spouse. *See also Audubon-Exira Ready Mix, Inc. v. Ill. Cent. Gulf R.R. Co.*, 335 N.W.2d 148, 153 (Iowa 1983) ("The administrator, not [the spouse], should bring the claim for [the spouse's] loss of post-death spousal consortium. . . . [The spouse]'s independent claim, therefore, passed to the administrator upon [the decedent]'s death and should be brought under section 613.15.").

A person making a claim under the tort claims act must be the real party in interest—"the one to whom the State would be liable if it were sued in court as a private person." *Voss*, 553 N.W.2d at 880. The requirement that a person who has the capacity to sue must bring the administrative claim is consistent with the purpose of the administrative process to allow prompt investigation and early settlement when possible and to protect the State against multiple lawsuits. *Id.* at 880–81. The court in *Voss* held that "a claim is defective if it is not made by a claimant to whom the State would be liable for the damages sought." *Id.* at 881.

The real party in interest with respect to the claim for loss of spousal consortium as a result of the death of Charles McFadden is not Deborah, but Charles's estate. An estate is a separate entity. *See In re Estate of Roggentien*, 445 N.W.2d 388, 390 (Iowa 1989). Deborah, as a former spouse of Charles, is separate and apart from Deborah, as administrator of Charles's estate. The claim form submitted to the State Appeal Board identified the claimant as "Deborah McFadden" not Charles's estate or Deborah McFadden as administrator of Charles's estate. Under *Voss* the administrative claim was defective because it was "not made by a claimant to whom the State would be liable for damages." *Voss*, 553 N.W.2d at 881.

Deborah attempts to distinguish her case from *Voss* by asserting that the plaintiff in *Voss* was not the administrator of the decedent's estate at the time the claim was administratively submitted, but she was the administrator of Charles's estate when she submitted her claim.[5] *See id.* at 882 ("At the time Voss made her administrative claim, she was not the personal representative of her son's estate and therefore, her claim was defective."). While Deborah McFadden, as the administrator of Charles's estate, did have the capacity to sue for loss of consortium when the administrative claim was made, Deborah McFadden, individually, did not. Based on the claim form submitted by Deborah, the State had no way of knowing she was appointed as the administrator or that the claim being presented was in fact being presented by Charles's estate—the real party in interest. Deborah's failure to identify the capacity under which she was making the claim renders her claim defective under *Voss*. *See id.* ("The administrative claim made by Voss in her individual capacity for her son's death was defective because she was not the person to whom the State would be liable for that death. The State was liable, if at all, to the personal representative of Bryan Voss's estate. Voss never submitted a claim to the Board *in her capacity as administrator of the estate*. Therefore, she failed to exhaust the *estate's* administrative remedies and consequently, the district court did not have subject matter jurisdiction of this suit." (emphasis added)).

Deborah claims the administrative regulations do not require that she include the specific word "administrator" when presenting her claim and to permit

---

[5] The record indicates that Deborah was appointed administrator of Charles's estate on June 11, 2012, and she submitted the administrative claim on October 30, 2013.

dismissal of her action for her failure to identify herself as the administrator is to elevate form over substance. *See generally Cooksey v. Cargill Meat Solutions Corp.*, 831 N.W.2d 94, 104 (Iowa 2013) (finding the plaintiff substantially complied with the statutory requirement of naming a state agency as a respondent in a judicial review petition when the agency was identified in the body of the petition). However, this is not a case where the caption of the lawsuit was incorrect but the body of the petition made the identity of the intended party clear.

The "caption" of the claim form listed "Deborah McFadden" as the claimant and the body of the claim form indicated the claimant (i.e. Deborah McFadden) "seeks payment for loss of consortium . . . due to the death of *her husband*." (Emphasis added.) Nowhere in the claim form does it indicate that the Estate of Charles McFadden Jr., or Deborah McFadden, as administrator of the estate, is bringing the loss of consortium claim. Because the Estate of Charles McFadden Jr. is a separate entity apart from Deborah McFadden and it is the estate, not Deborah, who is entitled to recover the loss of consortium damages, we conclude the administrative claim was defective.

Because the estate never filed an administrative claim, it failed to exhaust the administrative remedies and the district court was deprived of subject matter jurisdiction over the estate's lawsuit. *Voss*, 553 N.W.2d at 880 ("Improper presentment of a claim, or not presenting one at all, has been considered a failure to exhaust one's administrative remedies, depriving the district court of subject matter jurisdiction."). We therefore affirm the district court's dismissal of

claims made by Deborah McFadden, as administrator of the Estate of Charles McFadden Jr.

**AFFIRMED.**