HELEN PEARSON, Administratrix, Appellee, v. L. D. ANTHONY, doing business under the name and style of L. D. ANTHONY PRODUCE COMPANY, Appellant.

No. 42229.

APRIL 3, 1934.

REHEARING DENIED SEPTEMBER 20, 1934.

Gill & Gill, for appellant.

Carlos W. Goltz and R. A. Oliver, for appellee.

Claussen, C. J.—On January 27, 1931, Max Pearson was injured as a result of the collision which took place between the automobile in which he was riding and a car driven by an employee of defendant. It is alleged that Pearson died during November of 1931 as a result of the injuries received in the collision. On the 9th day of February, 1932, a petition was filed in the Woodbury district court entitled "Helen Pearson, Administratrix of the Estate of Max Pearson, Deceased, Plaintiff, vs. L. D. Anthony, Doing Business Under the Name and Style of L. D. Anthony Produce Company, Defendant." In the petition it is alleged that "the plaintiff is the duly acting and qualified administratrix of the estate of Max Pearson, deceased." On February 25, 1932, the defendant filed a motion to strike certain allegations of the petition. On August 29, 1932, an amended and substituted petition was filed, in the opening paragraph of which the motion to strike was confessed and the statement made that the amended and substituted petition was filed in compliance with the confessed motion to strike. On September 21, 1932, defendant filed an answer to the amended and substituted petition, the first paragraph of which is as follows:

"Defendant admits that he is a resident of Woodbury County, Iowa, but expressly denies that Helen Pearson is administratrix of the estate of Max Pearson, deceased, who died on or about the 20th day of November, 1931, and states the fact to be that no administrator has been appointed of said estate."

On the 17th day of February, 1933, more than two years after the accident, letters of administration were granted in the Woodbury district court to Helen Pearson on the estate of Max Pearson, deceased. The record does not disclose the grant by any other court of letters of administration to Helen Pearson on her husband's estate, or, for that matter, to any other person. On February 18, 1933, the administratrix filed an application in the estate matter stating, among other things, that on the 9th day of February, 1932, the petitioner instituted an action as administratrix of the estate of Max Pearson, deceased, against L. D. Anthony to recover damages for the wrongful death of her decedent; that at the time said action was commenced petitioner had not been appointed administratrix of said estate; that, when she commenced said suit, she expected to secure her appointment as administratrix, but, because of lack of funds, had not been able to promptly procure her appointment;

that said suit was commenced for the benefit of the estate, and that the ratification of the commencement of the suit and its prosecution of judgment would be for the best interest of the estate, and asking that her acts in commencing the suit be ratified, confirmed, and adopted, and her acts be validated as of the dates performed, and that the administratrix be directed to prosecute the suit to judgment. On February 18, 1933, an order was made by the court as prayed in the application. These proceedings were had in the estate matter, and, so far as defendant is concerned, were ex parte. None of these matters were pleaded in this suit.

On February 20, 1933, defendant filed an amendment to his answer alleging, among other things, that any cause of action on account of injuries sustained in the collision accrued on the 27th day of January, 1931, and was barred by the statute of limitations on the 27th day of January, 1933; that at the time of the commencement of the action Helen Pearson was not administratrix of the estate; that no personal representative of the estate was appointed until after the cause of action had been barred by the statute of limitations; that plaintiff, at the time of the commencement of the suit, had no right or capacity to sue or commence the alleged action; and that the alleged cause of action became barred by the statute of limitations on January 28, 1933.

The case came on for trial on February 20, 1933. At the commencement of the trial, defendant objected to proceedings being had on account of the lack of capacity of Helen Pearson to institute the suit and on account of the action being barred by the statute of limitations prior to the appointment of a personal representative of decedent. Such objections were overruled, and the cause proceeded to trial. Upon the trial of the case, the facts in relation to the commencement of the suit and the probate proceedings were developed as above set forth. In addition to such matters, evidence was introduced to prove the occurrence of the collision and the death of decedent and such matters. At the close of plaintiff's case, and again at the close of the entire case, defendant moved for a directed verdict upon grounds suggested by the above statement of facts as well as other grounds. The motion was overruled. The verdict of the jury was for plaintiff. A motion for a new trial and exceptions to instructions were overruled. Judgment was entered against defendant upon the verdict. Defendant appeals from the judgment and all rulings and orders adverse to him made in the progress of the suit.

Appellant assigns fifteen errors. We have set forth only so much of the record as is essential to the disposition of one group of assigned errors which is decisive of the case. This group questions the right of the administratrix to prosecute this action to judgment in view of the facts above set forth.

It is an elementary rule of law that a party plaintiff must have capacity to sue in order to commence and maintain an action. 47 C. J. p. 18, section 15 et seq. This action was commenced by Helen Pearson in the purported capacity of administratrix of the estate of Max Pearson, deceased. The action is so entitled, and the allegations of the petition and amended and substituted petition are that Helen Pearson was such administratrix. It was pleaded early in the progress of the case by the defendant and conclusively established by the record that Helen Pearson was not administratrix. The record establishes without dispute, not only that Helen Pearson was not administratrix of the estate at the time she commenced the suit, but that she was not appointed administratrix until after the statutory period of limitations had expired. The trial established beyond all doubt that Helen Pearson did not have the capacity to sue claimed by her or which was essential to the maintenance of the suit. For a certainty, such lack of capacity would have been fatal if the case were not complicated by the probate proceedings above set forth.

None of the probate proceedings had shortly before the trial of the case were pleaded in behalf of plaintiff. No proceedings were taken to amend the petition or substitute the administratrix as a party in the suit brought without capacity to sue. It is the theory of Helen Pearson, administratrix, that in virtue of the orders made in the probate proceedings the acts of Helen Pearson, long before she was appointed administratrix, in commencing the suit as pretended administratrix were ratified, confirmed, and adopted as the proceedings of the duly appointed administratrix, and that such acts were validated by the order of the court.

The administratrix relies on Myers v. Chicago, B. & Q. R. Co., 152 Iowa 330, 131 N. W. 770; Lane v. Steiniger, 174 Iowa 317, 156 N. W. 375; Jensen v. C., M. & St. P. R. Co., 198 Iowa 1267, 201 N. W. 34, and similar cases. In such cases action was commenced by the surviving spouse to recover damage for the wrongful death of the deceased. On account of the statute (Code, section 10959), recovery could not be had by the surviving spouse in such action. Upon

motion, the administrator of the estate of the deceased was substituted as party plaintiff. In such cases the substitution was permitted after the statute of limitations had barred a new action by the administrator. Such substitutions have been sustained by this court. It is to be noted in connection with such cases that the substitutions are sustained in view of the provisions of the Code permitting amendments to pleadings changing the parties (Code, section 11182), and it is also to be noted that the suits were instituted by individuals having capacity to sue, even though they may not have been able to prevail in the suits.

We think the case before us is ruled by Gardner v. Beck, 195 Iowa 62, 189 N. W. 962. In that case it was alleged plaintiff's intestate died as a result of acts of negligence of the defendant done on the 7th day of September, 1917. In this situation the statute of limitations barred the action on the 7th day of September, 1919. The deceased was Gardner's wife. Evidently Gardner consulted an attorney in relation to the matter, for on August 23, 1919, an original notice in a suit entitled "C. F. Gardner, Administrator of the Estate of Kathryn Gardner, deceased, Plaintiff v. Robert F. Beck, defendant," and signed by an attorney who designated himself as "attorney for plaintiff" in the notice, was handed to the sheriff and was served on the defendant on the same day. On the 17th day of September, 1919, Gardner was appointed administrator of his deceased wife's estate, and on the 19th day of September, 1919, a petition, entitled the same as the original notice, was filed in the suit. It may be well to restate certain dates. The original notice was handed to the sheriff and served on August 23d, the action became barred on September 7th, the administrator was appointed on September 17th, and the petition filed on September 19th. For the purpose of the statute of limitations an action is begun when a sufficient original notice is delivered to the sheriff for service. Code, section 11012. In consequence of this, if the action of Gardner in employing counsel and the act of counsel in signing the original notice and delivering it to the sheriff for service were of any force, the action was commenced before it was barred by the statute of limitations.

In that case the defendant entered a special appearance for the purpose of questioning the jurisdiction of the court. His objections to the jurisdiction of the court were overruled, and he then answered, setting up the facts above related. The case was tried

to a jury which found for the plaintiff. Among the questions presented by the appeal was the query whether under the circumstances the administrator could prevail in the action notwithstanding the statute of limitations.

The case differes from the case at bar only in these respects: In the case at bar the petition was filed before the expiration of the period of the statute of limitations, while in that case it was not; in the case at bar the defendant answered denying the capacity of the plaintiff as administratrix before the expiration of the period of limitation, while in that case the defendant did not answer until after the period had expired. In the last analysis the question in both cases is whether the acts of the individuals pretending to act as administrators were effective to commence the action and thereby avoid the bar of the statute of limitations. It has been noted that for the purpose of that statute an action is commenced by the delivery of the original notice to the sheriff for service. In that case it was held that an administrator for the estate did not exist until one was appointed by the court, and that consequently there could be no attorney for the administrator, and, proceeding one step further, that the notice purporting to be signed by the attorney for plaintiff administrator was invalid, under the provision of the statute requiring the original notice to be signed by the plaintiff or his attorney, since there could be no attorney for a nonexistent plaintiff. It was held that the administrator could not prevail in that suit. Applying the law announced in that case to the facts before us in this case, it is impossible to distinguish the cases. If Gardner could not employ counsel to prepare an original notice in that case, how could Helen Pearson employ counsel to commence and bring this action? If the acts of Gardner in pretending to act as administrator were of no avail to the estate of his deceased wife, how can the acts of Helen Pearson in pretending to act as administratrix be of avail to the estate of her deceased husband? It seems obvious that the acts of each were of no effect because of their lack of capacity to act as plaintiffs in the actions.

Because the fatal weakness in each case is the lack of capacity on the part of plaintiffs to act as such, the fact that in one instance the defendant answered before the statute of limitations had run, while, in the other, answer was filed subsequent thereto, is of no moment. In each case the defendant assailed the capacity of the party bringing the action to act as party plaintiff.

Lack of capacity to act as party plaintiff cannot be remedied by the appearance of the defendant in the action.

The courts of other jurisdictions are not in accord. In some states it is held that the appointment upon being made relates back to the date of the death of the decedent. In such states this action could be prosecuted to final judgment. In other states it is held that, even though the appointment does relate back to the date of the death of decedent for many purposes, an action commenced the same as the one before us cannot be prosecuted to judgment by the duly appointed administrator. This court recognizes that the appointment of an administrator relates back to the date of the death of the decedent for many purposes. The opinion of Mr. Justice Evans in Gardner v. Beck, supra, discloses that the questions before the court were given careful consideration. This case cannot be distinguished from Gardner v. Beck, supra, and on the authority of that case the judgment of the trial court must be reversed.

It is evident that the fatal defect above referred to cannot be obviated upon a retrial of the case, and that this is a proper case for direction to the trial court to dismiss plaintiff's petition. Frank Cram & Sons v. Central Trust Company, 205 Iowa 408, 216 N. W. 71; In re McElderry's Estate, 217 Iowa 268, 251 N. W. 610; Code, section 12871. Consequently the judgment of the trial court is reversed, and the cause is remanded to the trial court, with directions to enter judgment against the plaintiff dismissing the petition and for costs of action including costs in this court.

Reversed and remanded, with directions.

STEVENS, MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.