In the Matter of the ESTATE OF
Bryan VOSS, Deceased.

Aliccia VOSS, Administrator
of the Estate of Bryan
Voss, Appellant,

v.

STATE of Iowa, Iowa Department
of Transportation, and Steve
Vannoni, Appellees.

No. 95–1176.

Supreme Court of Iowa.

Sept. 18, 1996.

Rehearing Denied Oct. 22, 1996.

James Q. Blomgren and Randall C. Stravers of Pothoven, Blomgren & Stravers, Oskaloosa, for appellant.

Thomas J. Miller, Attorney General, and Richard E. Mull and Robin G. Formaker, Assistant Attorneys General, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, TERNUS, and SCHULTZ,* JJ.

TERNUS, Justice.

Aliccia Voss filed a claim against the State with the Iowa State Appeal Board seeking compensation for the death of her adult son, Bryan Voss. The Board denied her claim. After her subsequent appointment as the administrator of her son's estate, she brought this wrongful death action against the appellees, State of Iowa, Iowa Department of Transportation, and Steve Vannoni. The district court dismissed Voss's lawsuit for failure to exhaust her administrative remedies under the Iowa Tort Claims Act. *See* Iowa Code ch. 669 (1993). We affirm on the basis that Voss's administrative claim, filed in her individual capacity, did not exhaust the administrative remedies available to the personal representative of her son's estate.

### I. *Background Facts and Proceedings.*

In February 1993, Bryan Voss died in an automobile accident. Four months later his mother, Aliccia Voss, submitted a claim to the State Appeal Board. *See* Iowa Code § 669.3. She sought an unspecified amount of damages from the State for the wrongful death of her son. The Board denied her claim.

Subsequently, on January 12, 1995, Voss was appointed the administrator of her son's estate. She then commenced this lawsuit in her representative capacity, seeking damages from the State, the Iowa Department of Transportation and state employee, Steve Vannoni, for her son's wrongful death.

The defendants filed a motion to dismiss, claiming Voss had failed to exhaust her administrative remedies. *See* Iowa R. Civ. P. 104(a). They relied on three arguments to support this contention: (1) Voss's administrative claim was deficient because she provided insufficient information about the accident and damages and failed to state the precise dollar amount she sought; (2) Voss had no capacity to make the claim because she was not the administrator of her son's estate when she filed the claim with the Board; and (3) Voss did not file a separate claim against the state employee as required by Iowa Administrative Code rule 543–1.4(1) (1988). The Department of Transportation sought dismissal on the additional ground it was immune from liability under the Act. *See* Iowa Code § 669.16. The district court granted the defendants' motion, ruling in their favor on all grounds urged with one exception. The court found it unnecessary to address the lack-of-capacity argument because its rulings on the other issues disposed of the defendants' motion.

■ Voss appeals. On appeal, she challenges only the dismissal of her claim against the State. Because we are persuaded Voss, *in her individual capacity,* had no authority to make an administrative claim for her son's wrongful death, no valid claim was submitted to the Board. Consequently, we conclude Voss, *as the administrator of the estate,* failed to exhaust her administrative remedies.[1] Because our decision on this issue requires affirmance, we need not consider

---

* Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (1995).

1. Although the district court did not rely on this ground for its decision, we will affirm a trial court on any basis appearing in the record and urged by the prevailing party. *Johnston Equip. Corp. v. Industrial Indem.,* 489 N.W.2d 13, 17 (Iowa 1992).

whether the claim form submitted by Voss was sufficiently specific.

## II. Scope of Review.

We review the district court's ruling on a motion to dismiss for correction of errors of law. *Estate of Dyer v. Krug,* 533 N.W.2d 221, 222 (Iowa 1995). A decision to sustain or overrule a motion to dismiss must rest on legal grounds. *Id.*

## III. Did Voss's Filing of an Administrative Claim in Her Individual Capacity Exhaust the Administrative Remedies Available to the Estate?

A. *Exhaustion requirement.* A tort claim against the State must first be presented to the State Appeal Board pursuant to the procedures detailed in Iowa Code chapter 669, Iowa's Tort Claims Act. *Swanger v. State,* 445 N.W.2d 344, 346 (Iowa 1989); *see* Iowa Code § 669.5. We have held exhaustion of the administrative remedy provided by chapter 669 is jurisdictional. *Swanger,* 445 N.W.2d at 347; *Brumage v. Woodsmall,* 444 N.W.2d 68, 70 (Iowa 1989). Improper presentment of a claim, or not presenting one at all, has been considered a failure to exhaust one's administrative remedies, depriving the district court of subject matter jurisdiction. *E.g., Bloomquist v. Wapello County,* 500 N.W.2d 1, 8 (Iowa 1993) (no jurisdiction of loss-of-consortium claims because they had not been included in administrative claim); *Swanger,* 445 N.W.2d at 346 (plaintiffs had failed to wait the required six months from the filing of their administrative claim before commencing suit in district court); *McGruder v. State,* 420 N.W.2d 425, 426 (Iowa 1988) (administrative claim not made within two years of date claim accrued as required by Act); *Feltes v. State,* 385 N.W.2d 544, 544, 549 (Iowa 1986) (plaintiff filed no claim with the State Appeal Board). Thus, a suit commenced without complying with the Tort Claims Act is subject to dismissal. *Swanger,* 445 N.W.2d at 347; *Brumage,* 444 N.W.2d at 70.

B. *Must a claimant have the capacity to sue?* The State argues here that a claim filed with the Board under chapter 669 by a person who is not entitled to recover for the personal injury or death that is the subject of the claim is defective and does not comply with the requirements of the Act. We agree.

It is "an elementary rule of law" that a plaintiff must have the capacity to sue in order to commence and maintain an action in district court. *Dumbaugh v. Cascade Mfg. Co.,* 264 N.W.2d 763, 765 (Iowa 1978). One reason we require that a lawsuit be brought by the real party in interest is to protect the defendant from multiple suits. *Wayne County Mut. Ins. Co. v. Grove,* 318 N.W.2d 192, 193 (Iowa 1982). The present case requires us to examine the Tort Claims Act to decide whether the legislature intended the same requirement to apply to claims filed with the State Appeal Board.

In construing a statute, we look to the object to be accomplished and give the statute a meaning that will effectuate, rather than defeat, that object. *Chung v. Legacy Corp.,* 548 N.W.2d 147, 150 (Iowa 1996). When the text of a statute is plain and its meaning clear, we will not search for a meaning beyond the express terms of the statute or resort to rules of construction. *Henriksen v. Younglove Constr.,* 540 N.W.2d 254, 258 (Iowa 1995).

Under chapter 669, the Board has authority to "consider, ascertain, adjust, compromise, settle, determine, and allow any claim as defined in this chapter." Iowa Code § 669.3. The legislature defined a "claim" for purposes of the Tort Claims Act as one made for a death occurring "under circumstances where the state, if a private person, would be *liable to the claimant* for such . . . death." *See id.* § 669.2(3)(a) (emphasis added). The necessity of liability to the claimant is highlighted by the requirement the claimant sign a written release before any payment will be made by the State. *See id.* § 669.11. These statutory provisions clearly contemplate that the person making the claim is the real party in interest, that is, the one to whom the State would be liable if it were sued in court as a private person.

A requirement the claimant possess the capacity to sue is consistent with the purpose of the administrative procedures of the Act.

The administrative process set forth in chapter 669 is intended to allow a prompt investigation of claims against the State and facilitate an early settlement when possible. *See Adams v. United States*, 615 F.2d 284, 288–89 (5th Cir.1980) (citing S.Rep. No. 1327, 89th Cong., 2d Sess. 6 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515–16)[2]; 18A Eugene McQuillen, *The Law of Municipal Corporations* § 53.153, at 351 (3d ed. rev.vol.1993) ("Notice requirements protect the municipality from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit."); Don R. Bennett, *Handling Tort Claims and Suits Against the State of Iowa*, 17 Drake L.Rev. 189, 191 (1968) (settlement at administrative level avoids "lengthy and expensive litigation"). Obviously, settlement of claims is greatly facilitated if the person making the claim is the person entitled to any recovery and has the authority to settle.

Moreover, the same reason underlying our capacity-to-sue requirement in district court supports an identical requirement in this administrative context: the avoidance of multiple suits. The State should not be required to consider on the merits the claim of any person who can articulate a tenuous connection to the deceased when that person clearly has no legal capacity to recover in court. Nor should the State have to delay the disposition of a claim waiting for the possible appearance of other claimants with an equal or superior connection to the decedent. The filing of multiple claims for the same death needlessly complicates and burdens the system and wastes precious governmental resources. *Cf. McNeil v. United States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21, 28 (1993) ("Although the burden [on the agency] may be slight in an individual case, the [Federal Tort Claims Act] governs the processing of a vast multitude of claims."). Therefore, we hold a claim is defective if it is not made by a claimant to whom the State would be liable for the damages sought.

C. *Did Voss have the capacity to sue during the time she pursued her administrative claim?* Voss was not the personal representative of the estate when she pursued her claim with the Board; that claim was made in Voss's individual capacity. Thus, the next issue is whether Voss individually was entitled to recover for the wrongful death of her son. Our case law is clear she was not. The right to recover wrongful death damages vests exclusively in the personal representative of the estate. *Dyer*, 533 N.W.2d at 224; *Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 312 (Iowa 1982). Because Voss was not the estate's personal representative during the time she pursued her administrative claim, she had no capacity to make that claim on behalf of the estate.[3]

Although Voss was appointed the administrator of the estate nearly two years later, that fact is of no assistance. *Cf. Pearson v. Anthony*, 218 Iowa 697, 702–03, 254 N.W. 10, 13–14 (1934) (considering relation back of appointment in district court proceeding rather than administrative proceeding). In *Pearson*, we held a plaintiff's appointment as administrator of her husband's estate did not relate back to the date she filed her wrongful death action to retroactively establish her capacity to bring the wrongful death claim. *Pearson*, 218 Iowa at 703, 254 N.W. at 13.

We recently relied on *Pearson* in affirming the dismissal of a wrongful death action brought by a plaintiff who was not the estate's personal representative. *Dyer*, 533 N.W.2d at 224. In *Dyer*, the plaintiff commenced a wrongful death action although she was not the estate's personal representative. *Id.* at 222. The district court dismissed the case, ruling the plaintiff did not have the capacity to sue. *Id.* The plaintiff argued she should have been permitted time to be appointed the administrator before the court dismissed her suit. *Id.* at 223. We conclud-

---

2. We look to the Federal Tort Claims Act and federal cases for guidance in interpreting the Iowa Tort Claims Act. *Bloomquist*, 500 N.W.2d at 8; *McGruder*, 420 N.W.2d at 426.

3. Voss had no claim as the parent of the decedent because Iowa has not recognized a loss of consortium claim by a parent for the death of an adult child. *Kulish v. West Side Unlimited Corp.*, 545 N.W.2d 860, 862 (Iowa 1996).

ed the plaintiff's later appointment would not have saved her lawsuit:

> The petition shows that at the time this action was commenced, [plaintiff] did not have the capacity to sue. Therefore, this action did not toll the statute of limitations. Any later appointment will occur after the limitations period has run. Under our holding in *Pearson* that appointment will not relate back. Therefore, [plaintiff's] future appointment as administrator cannot prevent the expiration of the limitations period.

*Id.* at 224.

We think similar reasoning applies here. At the time Voss made her administrative claim, she was not the personal representative of her son's estate and therefore, her claim was defective. The Board denied her claim prior to her appointment as the administrator of the estate. Because there was no pending claim at the time of her appointment, there was no administrative proceeding in which her appointment could relate back.

A less theoretical reason also supports the rule a claimant's later appointment as the estate's personal representative cannot save a defective claim. Requiring the Board to delay consideration of a claim while waiting for the claimant to obtain the legal authority to pursue it would defeat the statutory goal of prompt settlement.

In summary, timely settlement of claims and effective use of administrative resources would not be encouraged by allowing the revival of a defective claim almost two years after it has been administratively closed. Thus, we hold Voss's 1995 appointment as the administrator of her son's estate did not relate back to retroactively validate her 1993 claim under the Tort Claims Act.

IV. *Summary.*

The administrative claim made by Voss in her individual capacity for her son's death was defective because she was not the person to whom the State would be liable for that death. The State was liable, if at all, to the personal representative of Bryan Voss's estate. Voss never submitted a claim to the Board in her capacity as administrator of the estate. Therefore, she failed to exhaust the estate's administrative remedies and consequently, the district court did not have subject matter jurisdiction of this suit. The district court correctly granted the defendants' motion to dismiss.

**AFFIRMED.**