# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No.  02-3456

_____

| | | |
|---|---|---|
| Consul General of the Republic of Indonesia, | * | |
| | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Bill's Rentals, Inc.; Colton Associates, Inc.; David Kevin McGrath, | * | |
| | * | |
| | * | |
| | * | |
| Defendants-Appellees. | * | |
| | * | |
| _____ | * | Appeal from the United |
| | * | States District Court for the |
| Colton Associates, Inc.; David Kevin McGrath, | * | Southern District of Iowa. |
| | * | |
| | * | |
| Third Party Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| Tiksno Widyatmoko, | * | |
| | * | |
| Third Party Defendant. | * | |

_____

Submitted:  May 15, 2003
Filed:  June 5, 2003

_____

Before LOKEN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

The Consul General of the Republic of Indonesia, Sojono Soerjoatmodjo (the Consul General), brought this action to recover for the wrongful deaths of four Indonesian nationals who were killed in a vehicle accident in Nebraska. Defendants Bill's Rentals, Inc., Colton & Associates, Inc.,[1] and David Kevin McGrath moved to dismiss the action on the basis that the Consul General was not the real party in interest. The district court[2] applied Iowa law and granted the motion. The Consul General appeals, and we affirm.

In September 1996, twelve Indonesian nationals, all students at the University of Iowa, rented a van from defendant Bill's Rentals. While pulling into a rest area near Ogallala, Nebraska, the driver, Tiksno Widyatmoko, lost control of the vehicle and struck the rear of a tractor trailer owned by defendant Colton & Associates and operated by defendant McGrath in the course of his employment. At the time of the accident, McGrath was parked on the right shoulder of the exit ramp in a posted no parking zone. Five passengers in the van, including Augus Sudarso, Dwiyani Kusumastuti, Wahyu Winarni, and Mohammad Toto Budaya, were killed as a result of the accident and the remaining six passengers sustained injuries. The Consul General filed a complaint in the Southern District of Iowa on August 28, 1998, alleging that he was the legal representative of the victims of the accident and that the Iowa Owner's Consent statute, Iowa Code § 321.493 (2002), applied to the wrongful death claims. Federal jurisdiction was alleged under 28 U.S.C. §§ 1332(a)(4), 1603.

---

[1] Colton & Associates, Inc. appears as Colton Associates, Inc. in the caption prepared in the district court.

[2] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

On September 16, 1998, Colton & Associates and McGrath filed a motion to strike and a supporting brief. They argued that assuming Iowa law applied, the remedies for wrongful death were limited to the remedies provided by the Iowa legislature. The Consul General would therefore have to qualify to bring the suit under the Iowa wrongful death statute. On October 2, 1998, Bill's Rentals filed its motion to strike and a supporting brief, which objected to the Consul General's failure to qualify as the administrator of the estates of the deceased.

In 1998, the Royal Insurance Company filed a declaratory judgment action arising out of the accident in County Court of Keith County, Nebraska on behalf of Bill's Rentals. On November 20, 1998, the Nebraska court appointed a special administrator, for the estates of Mohammad Toto Budaya, Wahyu Winarni, Augus Sudarso, and Dwiyani Kusumastuti, for the limited purpose of receiving process and protecting the decedents' rights, pending appointment of a personal representative. The Consul General applied to be appointed as substitute special administrator for the estates in Nebraska; the substitution was approved by the Nebraska court on January 3, 2000.

On February 17, 1999, the federal district court in Iowa entered an order for hearing which identified certain issues for argument. These included whether the Consul General was a real party in interest under Federal Rule of Civil Procedure 17(a), whether the Nebraska probate court had appointed an administrator for any estate, whether the Consul General was serving as administrator for any estate, and why the Consul General brought this suit in his name rather than in the names of the deceased individuals and their estates. The district court entered an order on March 10, 1999, granting the parties 45 days to conduct discovery on specified topics, including the real party in interest issue. Colton & Associates and McGrath renewed their motion to dismiss on June 1, 1999, alleging that the Consul General had not been appointed the administrator of any of the estates and was therefore not a real party in interest. On June 16, Bill's Rentals filed its supplemental brief renewing its

motion to dismiss; its brief pointed out that both Nebraska and Iowa law require that wrongful death claims be brought by a personal representative of the deceased's estate, and that the Consul General did not qualify as a personal representative for the students under the law of either state.

The district court entered its order granting summary judgment to all defendants on April 6, 2000, concluding that the Consul General was not a real party in interest under Iowa law. The court dismissed with prejudice because it found that the Consul General had had reasonable time to qualify as a personal representative of the students and to amend the complaint to comply with Rule 17(a), but had failed to do so. Because Iowa substantive law applied, the defect could not be cured even if the Consul General were to amend his complaint because Iowa does not permit amendments to relate back to the time of the original filing. On April 17, 2000, the Consul General filed his motion to amend the findings and judgment, now arguing that he had the power to maintain a wrongful death action as a foreign fiduciary. The district court denied the motion to amend on August 7, 2000.

The Consul General appeals from the district court's order granting summary judgment to the defendants. He argues that the district court erred in its choice of Iowa law because Nebraska is the state with the most significant relationship to the causes of action. He also argues that the district court erred when it determined that he was not a real party in interest under the Vienna Convention on Consular Relations and by dismissing his complaint with prejudice, by not allowing him time to amend to comply with the requirements of Rule 17(a), and by determining that any amendment would be futile because Iowa law does not allow for relation back of amendments. He contends that this court should remand the case to give him the opportunity to open estates for the deceased students and to amend his complaint accordingly.

Appellees respond that there is no conflict of law since the Consul General fails to qualify as a real party in interest under either Iowa or Nebraska law, but that if there is a conflict, the district court properly determined that Iowa law applies. Appellees also contend that the district court was correct in determining that the Vienna Convention on Consular Relations did not qualify the Consul General as a real party in interest because under the Convention he must proceed "in accordance with the laws and regulations of the receiving state," including Rule 17(a) of the Federal Rules of Civil Procedure. Vienna Convention on Consular Relations, April 24, 1963, art. 5, 21 U.S.T. 77, T.I.A.S. No. 6820. Finally, appellees argue that the district court did not err in dismissing the Consul General's complaint with prejudice because he had ample time to cure the defect after he learned of their objection under Rule 17(a), but refused to do so in the approximately 18 months between the time the objection was first raised and the time of summary judgment. They point out that in addition the Consul General had interfered with the rights of the personal administrator for the estate of Sundari Widiatmo, one of the deceased students. The Consul General contended that he represented her estate despite the fact her husband had opened an estate for her in Iowa, and he sent a letter to her husband stating that any damages the estate recovered would have to be shared with the Consul General and all other students involved in the accident.

We review a grant of summary judgment de novo applying the same standard as the trial court. See JN Exploration & Prod. v. Western Gas Res., Inc., 153 F.3d 906, 909 (8th Cir. 1998). Rule 17(a) provides: "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced. See Iowa Public Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977). "In a diversity action, state law determines the issue of who is a real party in interest." Jaramillo v. Burkhart, 999 F.2d 1241, 1246 (8th Cir. 1993). The parties disagree over whether there is a conflict between the laws of Iowa and of Nebraska and which law controls the legal issues involved in this case.

Before considering any issues of conflict of laws, we must first determine whether "'there actually is a difference between the relevant laws of the different states.'" Phillips v. Marist Soc'y of Washington Province, 80 F.3d 274, 276 (8th Cir. 1996) (quoting Barron v. Ford Motor Co. of Canada, Ltd., 965 F.2d 195, 197 (7th Cir. 1992)). Under Nebraska's wrongful death statute, an action for wrongful death 'shall be brought by and in the name of the person's personal representative for the exclusive benefit of the widow or widower or next of kin." Neb. Rev. St. § 30-810 (2002). Personal representative includes "executor, administrator, successor personal representative, special administrator, and person who perform substantially the same function under the law governing their status." Id. § 30-2209(33) (2002). Iowa law requires that wrongful death claims be brought "by … the legal representative or successors in interest of the deceased," Iowa Code § 611.22 (2002), for the benefit of the estate. See Estate of Dyer v. Krug, 533 N.W.2d 221, 224 (Iowa 1995). The Iowa Supreme Court has "consistently held that the right to recover wrongful death damages vests exclusively in the estate representative." Id. The estate representative vested with the power to bring the claim includes a personal representative, executor, and administrator. See Iowa Code § 633.3 (2002); In re Estate of Voss, 553 N.W.2d 878, 881 (Iowa 1996); Dyer, 533 N.W.2d at 224.

Under either state's law, the Consul General must establish that he is the personal representative of the deceased students' estates and that he brought this suit for the benefit of those estates. We therefore conclude that there is no conflict between the laws of Iowa and Nebraska as to whether the Counsel General qualifies as a real party in interest, and we need not conduct a choice of law analysis.

The Consul General argues that he qualifies as a personal representative and is entitled to bring the suit because he was appointed as special administrator for the students in the declaratory judgment action in Nebraska. While Nebraska does include special administrator in the list of persons who qualify as a personal representative, see Neb. Rev. St. § 30-2209(33) (2002), it applies different rules to

special administrators who are appointed informally as opposed to those appointed formally. See Neb. Rev. St. §§ 30-2457, 30-2459, 30-2460 (2002). The initial appointment of the special administrator for the estates of the deceased students was done formally, after which the Consul General formally applied to be appointed as substitute special administrator. His status is therefore governed by Nebraska law relating to formally appointed special administrators, which provides that "[a] special administrator appointed by order of the court in any formal proceeding has the power of a personal representative except as limited in the appointment and duties as prescribed in that order." Neb. Rev. St. § 30-2460 (2002). The original orders appointing the special administrator for the students' estates stated that the special administrator was to serve "with the limited power and for the sole purpose of receipt of process relating to Petitioner's Declaratory Judgment action and to pursue and protect Decedent's rights relative to the Petitioner's Declaratory Judgment action pending appointment of a personal representative."

The order approving the substitution of Consul General for the previous special administrator did not explicitly broaden the powers given in the original order. Thus, the Consul General's powers as special administrator were limited to dealing with process and other issues arising out of the Royal Insurance Company's declaratory judgment action. He was not authorized as a personal representative to bring the wrongful death claims in the Southern District of Iowa under either Nebraska or Iowa law since both states require that the party bringing the suit be more than a limited purpose special administrator. As a result, the Consul General did not qualify as a real party in interest at the time of the district court's grant of summary judgment, even though he had been substituted as special administrator in the Nebraska probate court proceeding.

The Consul General argues, however, that the Vienna Convention on Consular Relations permits him to represent the students' interests and qualifies him as a real party in interest regardless of state law on the issue. He contends that under

international law and treaties, consuls general have broad powers to represent the legal interests of absent countrymen, that they have the power to act as "international attorneys-in-fact" for their countrymen, and that this right has been recognized by the United States Supreme Court. He maintains that these rights have been codified and ratified in the Vienna Convention on Consular Relations.

Subsections (g) and (i) of Article 5 of the Vienna Convention state that consular functions consist of:

> (g) safeguarding the interests of nationals, both individuals and bodies corporate, of the sending State in cases of succession mortis causa in the territory of the receiving State, in accordance with the laws and regulations of the receiving State;

> (i) subject to the practices and procedures obtaining in the receiving State, representing or arranging appropriate representation for nationals of the sending State before the tribunals and other authorities of the receiving State, for the purpose of obtaining, in accordance with the laws and regulations of the receiving State, provisional measures for the preservation of the rights and interests of these nationals, where because of the absence or any other reason, such nationals are unable at the proper time to assume the defence of their rights and interests.

Vienna Convention on Consular Relations, April 24, 1963, art. 5, 21 U.S.T. 77, T.I.A.S. No. 6820. While the Vienna Convention does allow the Consul General to represent the interests of the Indonesian students, in performing this function he is required to act in accordance with the laws and regulation of the receiving State, the United States, and is subject to the practice and procedures obtaining in the United States.

In diversity cases the state law regarding real party in interest applies. See Jaramillo, 999 F.2d at 1246. Neither Iowa nor Nebraska law prevents the Consul General from being appointed personal representative or administrator for the

deceased students' estates. They merely require that he be so appointed before he may bring such wrongful death claims. These laws are not inconsistent with the Vienna Convention or the broad powers afforded the Consul General because he could have acted as international attorney in fact for these students if he had not brought the case in his own name, if he secured appointment as personal representative for the deceased students within a reasonable time after learning of the real party in interest objection, and if he had timely amended the complaint to cure its defects. Thus we find that application of state law in this case does not violate the Vienna Convention. The district court did not err in ruling that the Consul General was not a real party in interest.

Alternatively, the Consul General argues that if this court determines that he has not already qualified as a real party in interest under the Vienna Convention or state law, we should remand to the district court to allow him reasonable time to be appointed as personal representative for the deceased students and amend the complaint to reflect this appointment. Rule 17(a) states that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Fed. R. Civ. P. 17(a).

Although the Consul General contends that he should be granted a reasonable time to cure the defect after a real party in interest objection is sustained, the rule states that a plaintiff should be afforded reasonable time to amend after objection. The Consul General was aware of the objection concerning real party in interest at least 18 months prior to the district court's ruling on the issue. During that time he had ample opportunity to open estates for the deceased students and be appointed as personal representative. He should have known that doing so was necessary to continue with the case after the parties conducted discovery on this issue in March 1999. This district court did not grant summary judgment until April 2000. Because

the Consul General had the opportunity to become a real party in interest and amend the complaint, but purposely chose not to do so, we find that the district court did not err in dismissing the complaint with prejudice.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.