# IN THE COURT OF APPEALS OF IOWA

No. 13-1626
Filed July 30, 2014

GATLUAK JERWENG, GATLUAK JERWENG
as Next Friend of S.M. and B.M., and GATLUAK
JERWENG as Administrator for the Estate of D.M.,
      Plaintiffs-Appellants,

vs.

STATE OF IOWA (DEPARTMENT OF HUMAN SERVICES),
      Defendant-Appellee.
_____

      Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


      Gatluak Jerweng, individually, and as next friend of S.M. and B.M., and as

administrator of the estate of D.M., appeals from the district court's ruling

dismissing his tort claims stemming from the death of one of his children.

**AFFIRMED.**


      Darrell G. Meyer, Marshalltown, for appellants.

      Thomas J. Miller, Attorney General, Anne E. Updegraff, Assistant Attorney

General, for appellee State.


      Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Gatluak Jerweng, individually, and as next friend of S.M. and B.M., and as administrator of the estate of D.M. (collectively hereinafter "Jerweng"), appeals from the district court's ruling dismissing tort claims stemming from the death of one of his children. The district court granted the State's motion to dismiss for failure to state a claim under Iowa Rule of Civil Procedure 1.421. Finding no error at law, we affirm.

### I. Background Facts and Proceedings.

This case arises out of tragic circumstances that left a young child dead. Gatluak Jerweng is the father and Nyachuol Poch is the mother of three children: S.M., B.M., and D.M. The family came to the attention of the Iowa Department of Human Services (DHS) in 2009. All three minor children were living with Poch at the time. The DHS provided in-home services to Poch and the children throughout 2009. D.M. was less than two-years old when he was beaten to death by Poch on April 12, 2010.

Jerweng brought a pro se tort action against the State under the Iowa Tort Claims Act, Iowa Code chapter 669 (2013). The suit alleges the DHS was aware of Poch's mental instability and allegations that Poch beat and starved the children. The suit further alleges the children were not removed from the care of Poch, nor placed with Jerweng, "despite knowledge of physical and mental child abuse" by Poch. The suit alleges the DHS, through its agents, acted negligently and failed to use the "degree of skill, care and learning ordinarily possessed and exercised by service providers under similar circumstances." Specifically, the suit alleges the DHS was negligent in: (a) failing to accurately assess Poch's risk

to her minor children; (b) misleading others to believe that Poch was mentally stable; (c) failing to warn others of the risk posed to the minor children by Poch; (d) failing to protect the children [from] physical and mental abuse; and (e) failing to appropriately monitor and report the safety concerns to the children's father, relevant agencies, and authorities.

The State filed its pre-answer motion to dismiss asserting Jerweng failed to state a claim upon which relief could be granted. Jerweng then filed a motion for leave to amend his petition to add a claim of intentional wrongful conduct by the DHS for intentionally: (a) misleading others to believe that Poch was mentally stable; (b) failing to warn others of the risk posed to the minor children by Poch; and (c) failing to report abuse and safety concerns to authorities. Jerweng also filed a resistance to the motion to dismiss. The State filed a reply to Jerweng's resistance, and Jerweng moved to strike the reply as being untimely.

After an unreported hearing, the district court granted Jerweng's motion for leave to amend, denied Jerweng's motion to strike, and granted the State's motion to dismiss, concluding "whether couched in terms of negligence or intentional behavior, [Jerweng's] claims are barred."

Jerweng appeals the dismissal.

## II. Scope and Standards of Review.

We review for correction of errors at law the district court's decision on a motion to dismiss for failure to state a claim. *Ostrem v. Prideco Secure Loan Fund, LP*, 841 N.W.2d 882, 891 (Iowa 2014). We take the well-pled facts in the petition as true, but not the conclusions. *Id.* "A court should grant a motion to

dismiss for failure to state a claim only if the petition shows the plaintiff cannot recover under any state of facts." *Id.*

### III. Discussion.

Our supreme court has declined to recognize a common law cause of action for social service personnel's negligent failure to remove children from an inadequate home. *See Rittscher v. State*, 352 N.W.2d 247, 251 (Iowa 1984).[1] Furthermore, the court has held no common law action exists for the negligent failure to take steps to remove children from an inadequate parental home. *M.H. ex rel. Callahan v. State*, 385 N.W.2d 533, 536 (Iowa 1986). In apparent recognition of these holdings, Jerweng limits the issues on appeal, claiming the suit "sufficiently [pled] facts supporting a statutory cause of action and common law intentional tort cause of action."

We will therefore limit our discussion to those two issues.

### A. Negligence Claim Founded Upon Alleged Violation of Iowa Code Section 232.75(2).

To provide protection to victims or potential victims of child abuse in Iowa, our legislature has mandated that certain persons report suspected cases of child abuse to the DHS. *See* Iowa Code §§ 232.67, .69, .70(3).[2] Social workers

---

[1] The court in *Rittscher* stated the "question is not whether those personnel and the State have a cloak of protection in the form of privilege, but whether the law raises a private damage action in the first place." 352 N.W.2d at 250. The court held "[n]ot every claimed negligence creates a civil cause of action." *Id.* at 251. Finally the court concluded "a tort does not arise from the State's role as parens patriae." *Id.*

[2] We note the supreme court has stated: "We believe it is clear that in enacting Iowa Code sections 232.67-.71 and 25A.14 [now 669.14] the legislature did not intend to imply a tort action against the State, its department and employees for a failure to thoroughly and promptly report and investigate incidents of child abuse." *M.H. ex rel. Callahan*, 385 N.W.2d at 537. The court concluded:

are among the persons enumerated as mandatory reporters in section

232.69(1).[3] Section 232.75(2) provides that

> [a]ny person . . . required by section 232.69 to report a suspected
> case of child abuse who knowingly fails to do so or who knowingly
> interferes with the making of such a report in violation of section
> 232.70 is civilly liable for the damages proximately caused by such
> failure or interference.

Consequently, social workers are civilly liable under section 232.75(2).

On appeal, Jerweng argues the DHS is vicariously liable for the acts of its

social workers subject to section 232.75(2) civil liability. No such claim was

specifically pled. Jerweng's petition alleges the DHS was negligent in "failing to

appropriately . . . report the safety concerns to . . . relevant agencies and

authorities." The amended petition adds an allegation of intentional wrongful

conduct, alleging the DHS "intentionally failing to report abuse and safety

concerns to authorities." Neither the petition nor the amendment references Iowa

Code section 232.75(2). Jerweng's resistance to the State's motion to dismiss

makes only a passing reference to the section. It is therefore no surprise that the

State made no reference to the statute in its reply to Jerweng's resistance. In

granting the State's motion to dismiss, the district court made no reference to any

> We also believe public policy reasons are persuasive in the
> dismissal of these negligence claims. As indicated, department
> employees weigh the interest of the parties in their resolution of
> proper action in a family abuse case. Their judgments should not
> be restrained by apprehension about being liable for their decision
> in a negligence suit. Accordingly, we do not recognize plaintiffs'
> negligence claims based on breach of either a common law or
> statutory duty.

*Id.* at 538.

[3] Although the term "social worker" is not defined in chapter 232, the "[p]ractice of social work" is defined in the chapter concerning licensure of social workers, Iowa Code chapter 154C. *See* Iowa Code § 154C.1(3). A person shall not engage in the practice of social work without a license. *Id.* § 147.2(1).

claim founded upon violation of the statute. Apparently such a claim was not argued at the hearing.[4]

It is axiomatic that in order to preserve error, the issue must be raised and decided by the district court.[5] *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (observing that an issue is preserved for review if it has been raised and decided by the district court). There is nothing in the record before us showing a claim based upon violation of section 232.75(2) was raised before the district court. Furthermore, the district court only ruled on Jerweng's claims as "couched in terms of negligence or intentional behavior;" it made no ruling on the issue of a claim founded upon violation of section 232.75(2). Jerweng did not seek a ruling on this issue following the motion to dismiss order. Accordingly, we do not address it on appeal. *See id.* ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").[6]

---

[4] There is no transcript of this hearing available in the court record, nor has Jerweng filed a statement of evidence or proceedings as provided in Iowa Rule Appellate Procedure 6.806(1) to provide us with a record of what transpired at that hearing.

[5] Jerweng states error was preserved by "timely filing a notice of appeal." "While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) (footnote omitted).

[6] Additionally, we note that Jerweng did not plead that the allegedly responsible DHS employees were social workers. In considering a motion to dismiss, we are confined to the four corners of the petition. *See Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006). "[F]acts not alleged cannot be relied on to aid a motion to dismiss nor may evidence be taken to support it." *Rieff v. Evans*, 630 N.W.2d 278, 284 (Iowa 2001). Moreover, "facts outside the pleadings should not be considered." *Estate of Dyer v. Krug*, 533 N.W.2d 221, 223 (Iowa 1995). If facts outside the pleadings cannot be considered, we certainly cannot consider on appeal Jerweng's apparent assumption that the unidentified DHS employees are social workers. Jerweng's petition is thus fatally flawed as it relates to an asserted cause of action founded upon violation of section 232.75(2).

**B. Common Law Intentional Tort Claim.**

Claims of misrepresentation and deceit are specifically excepted from state tort liability. *See* Iowa Code § 669.14(4). Where "the basis of the plaintiff's claim is the functional equivalent of a cause of action listed in section 669.14(4)," the State is immune. *See Minor v. State*, 819 N.W.2d 383, 406 (Iowa 2012). On appeal, Jerweng notes the amended petition alleges the DHS intentionally misled others to believe that Poch was mentally stable and intentionally failed to warn others of the risk posed to the minor children by Poch. These claims are the functional equivalents of misrepresentation and deceit. *See id.* at 406-08. Consequently, the State is immune from these claims.

### *IV. Conclusion.*

For the reasons stated above, the district court properly granted the State's motion to dismiss for Jerweng's failure to state a claim upon which relief can be granted. Accordingly, we affirm.

**AFFIRMED.**