# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0051
Filed January 28, 2026

———————————

**Stephanie Schulte, Individually and as Administrator of the Estate of Lorena Schulte,**
Plaintiff–Appellant,

v.

**State of Iowa, Iowa Department of Corrections, Iowa Prison Industries, Anamosa State Penitentiary, Jeremy Larson, William Spersflage, Michael Heinricy, Robert Hartig, Dan Clark, Beth Skinner, Tracy Dietsch, Chad Kerker, Jerome Greenfield, Samantha Tucker, and Sarah Holder,**
Defendants–Appellees.

———————————

Appeal from the Iowa District Court for Jones County,
The Honorable Michael Harris, Judge.

———————————

**AFFIRMED IN PART, REVERSED IN PART, REMANDED FOR FURTHER PROCEEDINGS**

———————————

Molly M. Parker (argued), Samuel E. Jones, and Caitlin L. Slessor of Shuttleworth & Ingersoll, Cedar Rapids, attorneys for appellant.

Brenna Bird, Attorney General, Halle B. Kissell (argued), Assistant Solicitor General, Eric Wessan, Solicitor General, Patrick Valencia, Deputy Solicitor General, and Christopher Deist, Assistant Attorney General, attorneys for appellees.

---

Heard at oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

Stephanie Schulte, in her capacity as the administrator of Lorena Schulte's estate and in her individual capacity, appeals the district court's order granting the State of Iowa's motion to dismiss.[1] Stephanie argues the district court erred in finding that it did not have jurisdiction to hear the claims due to her failure to exhaust her administrative remedies under the Iowa Tort Claims Act (ITCA).

After our review, we conclude the district court did not err in finding that Stephanie failed to exhaust her administrative remedies regarding claims brought in her capacity as executor of Lorena's estate. We do, however, conclude the district court erred in finding that Stephanie failed to exhaust her administrative remedies regarding her individual claims. Accordingly, we affirm in part and reverse in part the district court's order and remand to the district court for further proceedings.

## BACKGROUND FACTS AND PROCEEDINGS.

On January 9, 2024, Stephanie Schulte, individually and as administrator of the estate of Lorena Schulte filed a petition and jury demand against the defendants. In her petition, Stephanie asserts that Lorena was murdered by two inmates while working as a nurse at the Anamosa State Penitentiary on March 23, 2021. Stephanie further alleges the State's employees were grossly negligent in their conduct, resulting in Lorena's

---

[1] Initially, Stephanie named eleven employees of the State of Iowa, the Iowa Department of Corrections, Iowa Prison Industries, and the Anamosa State Penitentiary as parties to her claims. The State filed a motion to dismiss on February 15, 2024, arguing in part that the individually named parties were not proper parties for Stephanie's claims. In her resistance to the motion to dismiss, Stephanie acknowledged that the State of Iowa was the only proper party for her claims. Thus, we refer to the appellees as "the State."

death. Stephanie argues that the State was vicariously liable since the employees' actions were grossly negligent and were taken within the scope of their employment. Stephanie asserts several claims of wrongful death resulting from gross negligence by various employees, a claim for loss of consortium, and a claim for intentional infliction of emotional distress.

On April 1, 2021, Lorena's estate was opened, and Stephanie was appointed as the administrator. On December 27, 2021, Stephanie filed her first tort claim with the State Appeal Board. On August 3, 2022, Lorena's estate was inadvertently closed, and Stephanie was discharged as its administrator. Stephanie withdrew the first tort claim from the board on October 3, 2022, after receiving no response from the attorney general for more than six months. Stephanie filed her first suit in district court on November 30, 2022, based on the first tort claim.[2] The State filed a pre-answer motion to dismiss, arguing that Stephanie had failed to state a claim and that the district court lacked subject matter jurisdiction to hear the case. Stephanie resisted the motion. On September 29, 2023, the district court granted the State's pre-answer motion to dismiss all counts brought by Stephanie.

The district court found in its order that because the estate was closed and Stephanie was discharged as the estate administrator before the commencement of the action, Stephanie did not have standing to bring the suit. The district court reasoned that "[i]n order to have capacity to sue on behalf of the Estate of Lorena, the estate must have been open at the time of

---

[2] The first suit named the State of Iowa, the Iowa Department of Corrections, Iowa Prison Industries, the Anamosa State Penitentiary, and Jeremy Larson as parties. Stephanie filed suit on the claims of co-employee gross negligence, intentional infliction of emotional distress, deprivation of rights, deprivation of due process, and loss of consortium.

the commencement of this action in district court." Iowa Code chapter 611 (2024) states that to bring a wrongful death claim on behalf of a decedent, such a claim must be filed by the estate of the decedent. The district court held Stephanie did not have standing to bring the matter before the district court as she was not the administrator of the estate when the action commenced since the estate was closed.

Lorena's estate was not reopened until April 14, 2023. Stephanie filed a second tort claim with the board on September 23, 2022, and a third tort claim on March 13, 2023—both filed while the estate was closed. The statute of limitations for the relevant claims passed on March 23, 2023, again, while the estate was closed. Six months after filing claims two and three, Stephanie withdrew the claims from the board based on the lack of a response from the attorney general. The State acknowledged the withdrawals on December 14, 2023.

On January 9, 2024, Stephanie filed suit against the State in her individual capacity and in her capacity as administrator of Lorena's estate. The State moved to dismiss the suit on February 15, 2024, arguing in relevant part that by filing tort claims two and three on behalf of a closed estate and failing to reopen the estate before the statute of limitation passed, Stephanie failed to exhaust her administrative remedies. The State also argued that Stephanie failed to properly present claims filed in her individual capacity, thereby failing to exhaust her administrative remedies on those claims as well. Stephanie resisted, arguing she had exhausted her administrative remedies under the ITCA in both of her capacities.

On October 7, 2024, the district court granted the State's motion to dismiss, finding that Stephanie failed to exhaust her administrative remedies both in her capacity as the administrator of Lorena's estate and in her own

individual capacity. Due to Stephanie's failure to exhaust her administrative remedies, the district court found that it lacked jurisdiction to hear the case. Stephanie filed a motion to reconsider, enlarge, or amend. The State resisted, and the court denied the motion. This appeal follows.

Below is a timeline summarizing key events and dates relevant to the procedural posture of this appeal:

| Date | Event |
|---|---|
| March 23, 2021 | Lorena Schulte is murdered by two Anamosa State Penitentiary inmates. |
| April 1, 2021 | Lorena's estate is opened and Stephanie Schulte is appointed to be the estate's administrator. |
| December 27, 2021 | Stephanie files her first tort claim with the board. |
| August 3, 2022 | The estate is closed and Stephanie is discharged as the estate's administrator |
| September 23, 2022 | Stephanie files her second tort claim with the board. |
| October 3, 2022 | Stephanie withdraws first tort claim from the board. |
| November 30, 2022 | Stephanie brings her first suit based on the first tort claim. |
| March 13, 2023 | Stephanie files her third tort claim with the board. |

| | |
|---|---|
| March 23, 2023 | Two-year statute of limitation on tort claims relating to Lorena's murder expires pursuant to Iowa Code section 669.13. |
| April 17, 2023 | Stephanie's petition to reopen Lorena's estate is granted, and Stephanie is reappointed as the estate's administrator. |
| September 9, 2023 | District court grants the state's pre-answer motion to dismiss Stephanie's first suit for lack of standing and failure to exhaust administrative remedies. |
| December 5, 2023 | Stephanie withdraws her second tort claim from the board. |
| December 7, 2023 | Stephanie withdraws her third tort claim from the board. |
| January 9, 2024 | Stephanie brings present suit in district court based on second and third tort claims. |
| October 7, 2024 | District court dismisses Stephanie's individual and administrator claims from this suit. |

## STANDARD OF REVIEW.

"We review the granting of a motion to dismiss for errors at law." *Askvig v. Snap-On Logistics Co.*, 967 N.W.2d 558, 560 (Iowa 2021) (citation omitted). Our standard of review for a ruling on subject matter jurisdiction is also for corrections of error at law. *Iowa Individual Health Ben. Reinsurance Ass'n v. State Univ. of Iowa*, 876 N.W.2d 800, 804 (Iowa 2016).

## DISCUSSION.

Stephanie argues the district court erred in finding she failed to exhaust her administrative remedies under the ITCA pursuant to Iowa Code chapter 669 in both her administrative capacity and in her individual capacity. Under section 669.5 (2022), no suit shall be permitted for a claim under the ITCA unless (1) the attorney general has made final disposition of the claim, or (2) the claimant waits six months after filing the claim with the director of the department of management and subsequently withdraws their prior claim. Stephanie brought her claims under the ITCA and was required to exhaust her administrative remedies under Iowa Code chapter 669.

### I.    Administrative capacity

Section 669.2(3)(b) defines a claim as:

> Any claim against an employee of the state for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of the employee's office or employment.

Claims made under chapter 669 must be filed with the director of the department of management, who shall acknowledge receipt of the claim on behalf of the State. *Id.* § 669.3(2).

Stephanie first argues that the inadvertent closing of Lorena's estate does not preclude her from exhausting her administrative remedies as the estate's administrator. Section 669.13 imposes a two-year statute of limitations for claims under the ITCA. The procedural requirements of the ITCA are jurisdictional, and a district court does not have subject matter jurisdiction over a claim unless the administrative procedures have been exhausted. *McGill v. Fish*, 790 N.W.2d 113, 118 (Iowa 2010). "[A] suit commenced without complying with this process is subject to dismissal."

8

*Swagner v. State*, 445 N.W.2d 344, 347 (Iowa 1989). "Suits filed prior to the administrator's appointment do not toll the statute of limitations." *Anderson v. State*, 2 N.W.3d 807, 818 (Iowa 2024).

In *Anderson*, a decedent child's mother filed administrative tort claims on behalf of the child's estate twenty-one days before she was appointed as the estate's administrator. *Id.* at 817. The State moved to dismiss the estate's eventual lawsuit, arguing the estate had not exhausted its administrative remedies since the mother was not the appointed administrator at the time she filed the estate's administrative claims. *Id.* Our supreme court held that an administrator could ratify acts that occurred before that administrator was appointed, reasoning that principles of estate law grant administrators that power. *Id.* at 818 (citing 34 C.J.S. *Executors and Administrators* § 219, at 90–91 (2023)); *see also Gardner v. Beck*, 189 N.W. 962, 966 (1922).

Yet, the supreme court clarified that such ratification of pre-appointment actions does not permit the estate administrator to circumvent the statute of limitations. *Anderson*, 2 N.W.3d at 818 ("[I]f an administrator is not appointed before the expiration of the statute of limitations, the suit will be time-barred.").

The supreme court in *Anderson* specifically distinguished its facts from the facts in other cases where the statute of limitations had run, explaining the mother's "appointment fell within the statute of limitations for claims arising from [the child's] death." *Id.* (distinguishing *Gardner*, 189 N.W. at 966, and *Pearson v. Anthony*, 254 N.W. 10, 12–13 (Iowa 1934)). An estate administrator cannot bypass the ITCA's statute of limitations by retroactively ratifying actions after the statute of limitations has passed.

The district court did not err in finding that Stephanie failed to exhaust her administrative remedies before filing the matter with the district court. Tort claims two and three were filed while Lorena's estate was closed and while Stephanie was discharged as the estate's administrator. The statute of limitations passed on March 23, 2023, before Stephanie was reappointed as the administrator of Lorena's reopened estate on April 17, 2023. Stephanie was not appointed before the March 23, 2023 statute of limitations deadline, meaning that her suit on behalf of the estate is time-barred. *See id.* Her prior suit does not toll the statute of limitations. *See id.*

Stephanie argues for an interpretation of *Anderson* that would ratify her pre-appointment conduct so as to toll the statute of limitations. Because that interpretation is at odds with the express holding of the supreme court, we disagree. *See id.* A future appointment as an estate administrator should not affect a statute of limitation that has expired. *Est. of Dyer v. Krug*, 533 N.W.2d 221, 224 (Iowa 1995) (finding that an administrator's appointment "after the limitations period has run" does not "relate back" to the time of the action's initiation and "prevent the expiration of the limitations period").

Stephanie failed to exhaust her administrative remedies in her administrative capacity, and the district court did not err in finding that it did not have jurisdiction to hear her claims on behalf of the estate.

## II.    Individual capacity

Stephanie argues that the district court erred in finding that she failed to properly present her individual capacity claims and thus failed to exhaust her administrative remedies.

As mentioned, section 669.5 requires plaintiffs to exhaust their administrative remedies. *Segura v. State*, 889 N.W.2d 215, 221 (Iowa 2017).

Part of the exhaustion requirement is "presentment," meaning the "plaintiff must first present the claim to the appropriate administrative body." *Id.* The purpose of the presentment requirement and related administrative processes is to "allow a prompt investigation of claims against the State and facilitate an early settlement when possible." *Id.* (quoting *In re Est. of Voss*, 553 N.W.2d 878, 881 (Iowa 1996)).

The appropriate administrative body here is the board, which derives its authority from section 669.3. *Id.* at 225. Section 669.3 governs claim processing, authorizing the board to "adopt rules and procedures for the handling, processing, and investigation of claims." Section 669.3(3) delegates no authority to the board to adopt rules or procedures for presenting claims. *Id.* The *Segura* court found the "administrative regulations promulgated under section 669.3 do not define the jurisdictional ambit of the presentment requirement under section 669.5. Instead, a claim is properly presented when it, in writing, identifies sufficient information for the board to investigate the claim and discloses the amount of damages claimed." *Id.* at 226.

The district court found Stephanie did not properly present her tort claims, as her claim forms did not comply with the board's rule governing the administrative claims process. At the time Stephanie filed her claims, this rule stated that a "claim shall state whether it is against an employee or the state. If the claim is against an employee the name of the employee and the department where employed shall be stated. A separate claim shall be filed for each type by each claimant." Iowa Admin. Code r. 543-1.4 (2022). The district court found that because Stephanie filed claim forms with her name listed in her individual capacity and her administrative capacity, rather than filing two separate claim forms (one for each capacity she was filing under), she failed to properly present her claims and consequently failed to exhaust

her administrative remedies so as to deprive the court of jurisdiction to hear her individual claims. We disagree with the district court's reasoning.

In its order, the district court stated:

> Tort Claims Two and Three provide[d] Plaintiff Stephanie Schulte's personal and contact information, [and] the claim forms were signed by Plaintiff Stephanie Schulte's purported signature. While the claim forms provide relevant facts to support the claims selected and provide legal theories in which the Plaintiffs are asserting against the Defendants therein the Petition, the Court finds that Stephanie was required to file a separate tort claim form.

*Segura* expressly held that administrative regulations promulgated under section 669.3 (the enabling statute for rule 543-1.4) "do not define the jurisdictional ambit of the presentment requirement under section 669.5." *Segura*, 889 N.W.2d. at 226.

The purpose of the ITCA's presentment requirement is "to allow a prompt investigation of claims against the State and facilitate an early settlement when possible." *Id.* at 221. "The failure to comply with these administrative rules alone should not deprive a district court of jurisdiction." *Id.* at 225. So, rules such as rule 543-1.4 govern handling and processing, but they do not govern presentment. *See id.* And insofar as Stephanie's presentment is in question, she has met that jurisdictional threshold. As our supreme court stated in *Anderson*, we must ask if "a fair reading of the claim forms would . . . reveal what legal theories were being asserted by any individuals." 2 N.W.3d at 815–16. Unlike in *Anderson*, where the claim forms failed to state that individuals were making claims for loss of consortium or the amounts sought, *see id.*, here the claim form contained that information. There is no question that the wrongful-death, loss-of-consortium, and intentional-infliction-of-emotional-distress claims Stephanie presented to

the board clarified that, "Claimants in this matter are Stephanie Schulte, individually and as Administrator of the Estate of Lorena Schulte." We find this adequate to "identif[y] sufficient information for the board to investigate the claim," and specifically to alert the board that Stephanie was pursuing these claims individually.[3] *Segura*, 889 N.W.2d. at 220.

The district court erred by dismissing Stephanie's individual claims for failure to exhaust her administrative remedies and failure to precisely comply with rule 543-1.4.

## CONCLUSION.

We affirm the district court's order granting dismissing Stephanie's claims based on her failure to exhaust administrative remedies in her administrative capacity. However, we reverse the district court's finding that Stephanie failed to properly present claims brought in her individual capacity. We remand to the district court for further proceedings on Stephanie's individual claims.[4]

**AFFIRMED IN PART, REVERSED IN PART, REMANDED FOR FURTHER PROCEEDINGS.**

---

[3] *See Montague v. Skinner*, ____ N.W.3d ____, ____, 2026 WL 70667, at *8 (Iowa 2026) (explaining that courts should read ITCA claims "as a whole," including the narrative sections, when evaluating compliance with presentment requirements, and applying a holistic review rather than isolating technical defects).

[4] We make no judgment on other potential dismissal grounds relative to the individual claims as those potential grounds were not presented to us for review.